## Taylor's Adm'rs *versus* Witman's Adm'rs.

1. The statute of limitation begins to run on a note payable on demand, from its date, and no demand of payment is necessary before suit brought.

2. If a note be made payable at a certain time after demand, demand is necessary before suit brought, and the statute of limitations does not begin to run until the prescribed period after demand has elapsed.

3. When a note or bill is made payable a stated number of days after demand, or after sight, a demand and lapse of time thereafter are conditions precedent to any right of action.

ASSUMPSIT.—Error to the Court of Common Pleas of *Berks County.*

The opinion of the court was delivered July 25th, 1861, by

STRONG, J.—This is not the case of a note payable on demand, where the statute begins to run from the date of the note or promise, and where no other demand is necessary than such as is involved in the bringing of the action. There never was any right of action, until a proper release was procured for the share of William Witman in the property sold to Taylor. There was no promise to pay before such a release was procured, nor, indeed, was there any debt, for the conveyance of the land was the consideration out of which grew the indebtedness and the binding obligation of the promise. In *Collins v. Benning*, 12 Mod. 444, in *indebitatus assumpsit*, the plaintiff declared on a promise to pay on demand, to which the defendant pleaded the statute of limitation. The plaintiff demurred on the ground that nothing was due till demanded. But the court

said, "If the promise were for a collateral thing, which would create no debt until demanded, it might be so; but here it is an *indebitatus assumpsit*, which shows a debt at the time of a promise, therefore the plea is good." It is, therefore, because a note payable on demand evidences a present debt, and there is no stipulated postponement of the time of payment, that the statute begins to run from its date. But if a note be made payable at a certain time *after a demand*, demand is necessary before suit can be brought, and the statute does not begin to run until the prescribed period after demand has elapsed. It is then like a note or bill, payable a stated number of days after sight. The demand and lapse thereafter of the specified time are conditions precedent to any right of actions. *Holmes* v. *Kenison*, 2 Taunt. 323; *Thorp et ux.* v. *Booth*, 1 Ryan & Moody, 388; *Wenman* v. *Ins. Co.*, 13 Wendell, 267; *Little* v. *Blunt*, 9 Pick. 488. *Thorp* v. *Booth* is a very remarkable case. There the note was dated March 12th, 1813, and was payable twenty-four months after demand. It was not presented for payment until June 28th, 1823. It was held that the statute of limitations was no bar to a recovery, on the ground that there was no right of action until after twenty-four months from actual demand, and that, though demand was not made until more than ten years after the date of the note. And if this is the law in cases where the thing to be done by a plaintiff precedent to his right of action, is simply making a demand when the debt is really due and only its payment postponed, with much more reason should it be in a case like the present, where the precedent act to be done by the plaintiff is the foundation of defendant's debt and the consideration for his promise to pay.

It is, however, earnestly contended, that where there is a promise to pay money, and, by the terms of the contract, an actual demand or some other act of the promissee is necessary before suit can be brought, that demand must be made, or that act done within six years from the date of the promise, or the statute will begin to run from the date. This is certainly a novel principle, if it be a principle at all, unknown to any of the English decisions under the statute of 21 James 1st, and involving the absurdity that the statute begins to run before any cause of action has accrued. It was ignored in the case of *Thorpe and Wife* v. *Booth*, to which allusion has been made. It has been adopted as a general rule of law in no State in the Union so far as I have been able to discover. Its supposed root is found in *Coleman* v. *Rodgers*, 10 Pick. 112, but that was a bill in equity, and the question was whether the complainant had been guilty of such laches as to forfeit his claim to be heard by a chancellor. A few cases have been decided in this

[Youndt *v.* Youndt.]

State in which it was held that a demand was necessary within six years from the date of the promise, but none of them was an ordinary case of debtor and creditor. In all, the circumstances were very peculiar, justifying, it was supposed, not the application of the statute of limitations, but an analogous rule. We reviewed them in a recent case, *Girard Bank* v. *The Bank of Penn Township*, 3 Wright, 92, and we do not propose to go over them now. We then denied that there is any such rule applicable to the common case of a debtor and creditor, promissor and promissee. There may be cases to which it should be applied, when the precedent act is made a duty, but the present is not one of them. Delay in obtaining this release was contemplated. The releasor was not the promissee, and he was in a remote region. The promissor took possession of the lot without the release, agreeing to pay interest as a compensation for his possession, and the principal when the title should be made to him. We have no statute that bars the plaintiff against insisting on the performance of the promise.

The judgment of the Common Pleas is affirmed.

Mr. Justice THOMPSON dissented.