## Bunting's Administrators *versus* Camden and Atlantic Railroad Company.

1. A bond of a corporation, payable to an obligee named or his assigns, is assignable under the Act of May 28th 1715, so as to enable the assignee to sue in his own name.

2. Such bond is assignable in equity by parol delivery, but an action on it cannot be maintained in the assignee's name ; the suit must be in the name of the obligee.

3. Corporation bonds payable to bearer may be sued in the name of the holder ; they are not within the Act of 1715.

4. Carr *v.* Le Fevre, 3 Casey 413 ; Licey *v.* Licey, 7 Barr 251, referred to.

February 28th 1876. Before SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia :* Of January Term 1875, No. 85.

This was an action of covenant, brought August 6th 1873, by Ross Bunting and Michael Blynn, administrators, &c., of Thomas C. Bunting, deceased, against the Camden and Atlantic Railroad Company.

The suit was on the hereafter-mentioned bond, which was held by the decedent without assignment from the obligee.

The bond is as follows :—

"The Camden and Atlantic Railroad Company, incorporated by an Act of the Legislature of the State of New Jersey, acknowledge themselves indebted to William W. Flemming in the sum of six thousand dollars, lawful money of the United States, which

sum they promise to pay to said William A. Flemming, or assigns, one year from the date hereof, with interest at the rate of seven per centum per annum, payable semi-annually, at the office of the company in Philadelphia. The holder of this bond shall be entitled, on its surrender at any time within ten months from its date, to convert the principal sum into the capital stock of the company at the rate of fifty dollars for each share of said stock.

"In witness whereof, the said company have caused this bond to be attested, in their behalf by their president and secretary, and their common seal to be hereunto affixed, in due form, in the city of Camden, this tenth day of April in the year of our Lord 1854.     [Corporate Seal.]     ROBERT FRAZER, Secretary.

JOHN C. DACOSTA, President."

On the trial, before Lynd, J., May 18th 1874, the plaintiffs gave the bond in evidence; they proved also, presentation, demand of payment and refusal by the defendants.

The defendants moved for a nonsuit, on the ground that the bond was not negotiable so as to enable the holder to sue in his own name without an assignment by the obligee.

The court ordered a nonsuit, which the court in banc refused to take off.

This was assigned for error, on the removal of the record to the Supreme Court by the plaintiff.

*P. F. Rothermel*, for plaintiff in error, cited Carr *v.* LeFevre, 3 Casey 413; Phila. & Sun. Railroad Co. *v.* Lewis, 9 Id. 33; Commonwealth *v.* Perkins, 7 Wright 400; Beaver County *v.* Armstrong, 8 Id. 63; Brainard *v.* N. Y. & Harlem Railroad Co., 25 New York 496.

*S. Dickson* and *J. C. Bullitt*, for defendants in error, cited Lebanon Bank *v.* Mangan, 4 Casey 452; The Loudon Fund Society *v.* Hagerstown Saving Bank, 12 Id. 498; Overton *v.* Tyler, 3 Barr 346; Raymond *v.* Middleton, 5 Casey 529.

Judgment was entered in the Supreme Court, March 13th 1876,

PER CURIAM.—This was an action by the plaintiff on a bond under the corporate seal of the defendant, payable to William W. Flemming or assigns. The bond was neither endorsed nor assigned in writing by Flemming, the obligee, and the only question which arises on this record is, whether this action can be maintained in the name of the plaintiffs.

No doubt this bond was assignable at law, so as to authorize the assignee to sue in his own name, under the provisions of the Act of May 28th 1715: 1 Sm. Laws 40; and it is conceded that it

[Bunting's Adm'rs *v.* Camden & Atlantic Railroad Co.]

might have been assigned in equity by a parol delivery, but then the action must be in the name of the obligee : Licey *v.* Licey, 7 Barr 251. It has been held, indeed, that the bonds of a corporation, payable to bearer, are assignable by delivery, and may be sued in the name of the holder : Carr *v.* Le Fevre, 3 Casey 413. " Such bonds," says Chief Justice LEWIS, " are not strictly negotiable under the law merchant, as are promissory notes and bills of exchange. They are, however, instruments of a peculiar character, and being expressly designed to be passed from hand to hand, and by common usage actually so transferred, are capable of passing by delivery, so as to enable the holder to maintain an action on them in his own name." Bonds payable to bearer are not within the words of the Act of 1715, which is confined to bonds payable to " order or assigns," as this bond is. We cannot set aside the express direction of the legislature in that act, that all assignments made of bonds and specialties shall be under hand and seal, before two or more credible witnesses.

Judgment affirmed.