## Appeal of Andress, et al., Executors.

1. The Statute of Limitations begins to run against a due-bill, payable on demand, from the date of the bill and not from the time of demand for payment.

2. A due-bill payable on demand was given bearing date August 1st 1867. The maker died May 16th 1879. The payee died in November 1870, and letters of administration were granted upon his estate on January 18th 1871. On March 8th 1881, on the audit of the account of the executors of the maker, the administrators of the payee presented a claim upon the due-bill. *Held*, that the claim was barred by the Statute of Limitations.

January 23d 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, J., absent.

APPEAL from the Orphans' Court of *Philadelphia county :* Of January Term 1882, No. 47.

This was an appeal by Michael B. Andress and George H. Dale, executors of Conrad B. Andress, deceased, from a decree of said court dismissing their exceptions to the adjudication of the auditing judge upon their account as executors.

Conrad B. Andress died May 16th 1879. His executors duly filed their account, upon the audit of which, on March 8th 1881, Thomas D. Andress, administrator de bonis non of William Andress, deceased (a brother of Conrad B. Andress), presented a claim upon the following due-bill :—

[Andress's Appeal.]

"Philadelphia, August 1st 1867.

"Due William Andress, four hundred dollars, payable on demand, for money loaned.

"C. B. ANDRESS, 640 N. 12th street."

William Andress died in November, 1870, intestate, and letters of administration were granted upon his estate January 18th 1871, to William B. Connell, who was afterward discharged, and letters of administration de bonis non were, in 1880, granted to the claimant, Thomas D. Andress.

The claim was objected to by the accountants, on the ground that the due-bill was barred by the Statute of Limitations. The auditing judge, in his original adjudication, sustained the objection, saying, "No evidence of any demand or promise to pay by decedent within six years was offered, and in the absence of this, the claim is barred and must be rejected: See Byles on Bills, § 173, p. 409 (ed. 1856) and cases in note; Dorrance v. Morrison (D. C. Phila., June 17th 1848), 2 Brightly's Dig. 1647; Laforge v. Jayne, 9 Barr 410."

Exceptions having been filed to this ruling, the account was, after argument, re-committed to the auditing judge, who subsequently filed an amended adjudication, in which he overruled the objection, and allowed the claim, saying:—

"In view of the authorities presented at the argument of the exceptions filed to the disallowance of the claim, it appears that the ruling of the cases relied upon by the auditing judge is not now the law of this state, and it seems to be settled that as to a due-bill payable in money on demand, the Statute of Limitations will not begin to run until after demand made. Then the right of action accrued to the holder, and the statute applies, not to the debt, but to the remedy: See Finkbone's Appeal, 5 Norris, 368; Marsteller v. Marsteller, 8 W. N. C. 553. It follows that the claim should be allowed, with interest, from time of demand, which in this case is the date of the prior audit, viz., March 8th 1881, when the due-bill was presented as a claim against the estate."

To this adjudication the accountants filed exceptions, which were dismissed by the court, and the adjudication, as amended, was confirmed; whereupon the accountants took this appeal, assigning for error the decree dismissing their exceptions, and the allowing of said claim.

*John G. Johnson* (*Albert L. Wilson* with him), for the appellants.—The statute of limitations applies to causes of action "founded upon any lending, or contract without specialty," &c. A due-bill payable on demand, evidences a "lending"— in this case the due-bill expressly states on its face " for money

[Andress's Appeal.]

loaned "—and by the law of Pennsylvania, as well as by the law of every other state, and of England, the statute runs on such a due-bill from its date, and not from demand : Byles on Bills, (ed. 1856) 409, and cases cited in Sharswood's note ; 2 Parsons on Notes and Bills, 639 and cases cited ; Dorrance v. Morrison, D. C. of Philadelphia, MS. Brightly's Dig. 1647 ; Laforge v. Jayne, 9 Barr 410 ; Taylor's Admrs. v. Witman's Admrs., 3 Grant 138. The cases of Finkbone's Appeal, 5 Nor. 368, and Marsteller v. Marsteller, 8 W. N. C. 553, cited on the other side, are inapplicable, for the former was a case of bailment for safe keeping, and in the latter there was no right of action by reason of disability from coverture.

*Joseph De F. Junkin* (*George Junkin* with him), for the appellee.—The due-bill in question not being negotiable, the rules and authorities relating to commercial paper have no application, and the intention of the parties, as expressed by the words "payable on demand" is to govern. This intention was, that the maker should have the use of his brother's money, without interest, until demand for payment, the due-bill being "a continuing security, so that on the one side, the maker is not deemed in default until the money is actually demanded, while on the other, the holder may make demand when he pleases, and is not chargeable with neglect if he does not make it within any particular time :" Merritt v. Todd, 23 N. Y. 28.

The statute of limitations begins to run from the time when a complete cause of action accrued. A due-bill "payable on demand," is not payable until demand ; and, as interest is payable only from the time the principal ought to have been paid, such a due-bill does not bear interest until demand made : Breyfogle v. Beckley, 16 S. & R. 264 ; Rayne v. Guthrie, Add. 137 ; ergo, until demand made, no cause of action arises, and the statute does not run. It is the remedy, not the debt, that the statute regulates : Marsteller v. Marsteller, 8 W. N. C. 555. The authorities cited on the other side relate to commercial paper, except Laforge v. Jayne, 9 Barr 410, which was overruled in principle in Girard Bank v. Bank of Penn Township, 3 Wr. 92, and expressly overruled in Finkbone's Appeal, 5 Norris 369. There are many reasons why in the case of a negotiable instrument made payable on demand the statute runs from its date,—among others, the necessity for some certain time at which to charge indorsers,—but where the contracting parties are alone to be affected, a contract to pay on demand is not converted by technical rules of law into one to pay immediately. Even in the case of negotiable paper payable on demand the authorities are not uniform that the statute runs from the date. The following cases are to a contrary effect : Brooks v. Mit-

chell, 9 Mees. & Wels. 15 ; Merritt *v.* Todd, 23 N. Y. 28 ; Barough *v.* White, 4 Barn. & Cress. 325 ; Vreeland *v.* Hyde, 2 Hall Sup. Ct. 429 ; Byles on Bills, (ed. 1876) p. 388.

Mr. Justice MERCUR delivered the opinion of the court, March 20th 1882.

At what time is a due-bill payable on demand barred by the statute of limitations? Does the statute begin to run at its date, or not until payment is demanded? It is a well-recognised rule of law, that the statute begins to run on a promissory note, whether negotiable or not, whenever a cause of action accrues thereon : that is, from the time the holder has a right to demand the thing claimed : Bucklin *v.* Ford, 5 Barb. 393 ; 2 Parsons on Notes & Bills 641–2. The words "on demand" in a note do not make the demand a condition precedent to a right of action.; but import the debt is due and demandable immediately, or at least that the commencement of a suit therefor is a sufficient demand : Byles on Bills *342 ; Taylor's Adm'rs *v.* Witman's Adm'rs, 3 Grant 138 ; Milne's Appeal, decided at the present term (post, p. 483). A promise in writing to pay a note " at any time within six years from this date" was held a promise to pay on demand, and the statute ran from its date : Young *v.* Weston, 39 Maine 492. The attempt was made on the argument to subject this due-bill to the rule applicable in case of a promise to return specific property or securities on demand, as in Finkbone's Appeal, 5 Norris 368 ; and of a deposit in bank as in The Girard Bank *v.* The Bank of Penn Township, 3 Wright 92. The due-bill now in question does not admit the application of that rule. It reads "due William Andress, four hundred dollars, payable on demand." It was signed by the appellant's testator, and dated August 1st 1867. The maker died on the 16th May 1879. Thus he lived nearly twelve years after the statute began to run against the claim. The payee died in November 1870, and letters of administration on his estate were granted on the 18th January 1871. So there was a party to sue, as well as one to be sued. As, then, the due-bill was barred by the statute long before the maker thereof died, the appellants did not take nor hold any of the assets of his estate in trust for its payment. There was no evidence of any promise to pay other than that contained in the due-bill, nor of any demand for payment until it was presented at the audit, March 8th 1881. The statute of limitations was then interposed, and the learned judge erred in not disallowing the claim.

> Decree reversed, the exceptions to the allowance of the claim are sustained, and it is ordered that distribution be made conformably with this opinion.