FREDERICK C. HOEY ET AL., PLAINTIFFS IN ERROR, v. ASPELL & COMPANY (A CORPORATION), DEFENDANT IN ERROR.

Argued June 8, 1898—Decided July 6, 1898.

1. If judgment by default for want of a plea be recorded and signed, it will stand until reversed or set aside, and, although premature, will preclude a plea in the action.
2. If such a judgment be vacated, on the plaintiff's motion, as improvident, a new judgment cannot lawfully be entered until the defendant shall have been ruled to plead and shall have made default.

———

On error to the Monmouth Pleas.

The writ of error in this cause was issued January 18th, 1898, returnable January 25th, 1898. The court below, in its return, certified that a summons against joint debtors was issued November 10th, 1897, returnable November 22d, 1897, and on November 15th, 1897, was served on one defendant only, with copy of declaration and notice to plead or demur within thirty days; that on January 17th, 1898, judgment by default for want of a plea was entered against all the defendants, and, on assessment of damages, final judgment was recorded and signed; that on January 22d, 1898, on plaintiff's motion, *ex parte*, such judgment was vacated as improvidently entered, and that on January 24th, 1898, on assessment of damages, a new final judgment was recorded and signed. This judgment was returned in response to the writ.

Before Justices DIXON, LUDLOW and COLLINS.

For the plaintiffs in error, *John F. Hawkins.*

For the defendant in error, *Wilbur A. Heisley.*

The opinion of the court was delivered by

COLLINS, J.   This cause has been argued and will be decided on the assumption that the judgment entered after the issuance of the writ, but before its return, is properly before us.  Error was assigned on outbranches certified in the return, and, although correct practice required our *certiorari* to regularly bring those before us, we have considered the facts assigned for error because the common joinder, *in nullo est erratum*, confesses such facts and renders a *certiorari* unnecessary.   *Gilliland* v. *Rappleyea*, 3 *Gr.* 138.

It is plain that the first judgment was entered prematurely.  The defendants, not served with process, had, by the statute, sixty days from the return day within which to plead or demur, yet judgment was entered before that time had expired.   A mere rule in the minutes, entered by a plaintiff or his attorney, under color of the statute, if unlawfully entered, is utterly void (*Gen. Stat.*, *p.* 2557, § 144), but this judgment was recorded and signed by the judge.  Such a judgment, though irregular or premature, stands until reversed or set aside.   6 *Encycl. Pl. & Pr.* 58, 98.

This being so, the right to plead in the action was barred by the judgment.  Recognizing this, the defendants brought and served the present writ of error.   Thereupon the plaintiff, *ex parte*, procured the erroneous judgment to be vacated as improvident and the judgment now extant to be entered in its stead.  This was clearly irregular.  The *right* to plead having been cut off by the first judgment, it cannot be that a mere vacation *ipso facto* revived the *obligation* to plead.  Even if it did, the new judgment cannot stand, for the defendants could at least claim as much time as remained to them when the first judgment was entered, but we think that the case comes within the general rule that where there has been an interruption of the statutory course of pleading the party who must next plead cannot be put in default until ruled to do so.   *Berry* v. *Cahanan*, 2 *Halst.* 135.

The judgment will be reversed.

In the three cases of the same plaintiffs in error, one against Frank J. Heidl, one against William C. Keller and the other against Charles Otten et al., defendants in error, the same question is presented.    The cases vary in dates but are alike in relations of dates.

The judgment in each of those cases will also be reversed.