EDWIN THOMAS ET AL., EXRS., v. SARAH ANN HOBSON ET AL.

WIFE HAVING DEVISED RESIDUARY ESTATE OF HER HUSBAND IN ACCORDANCE WITH HIS WILL, DYING BEFORE HIM, MAKES NO DISPOSITION OF THE RESIDUE.

Testator provided by his will, "I will and direct that my wife, Dorothy Hoyle, shall be allowed to dispose of all the rest, residue and remainder of all my estate and effects (not hereinbefore disposed of) by will or otherwise as she deems just and prudent, previous to her decease, to take effect after her death." Three years afterwards the wife made a will disposing of the residue of her husband's property not specially disposed of by him; stating in her will that the disposition was made in accordance with the will of her husband. The wife died twelve years before her husband: *Held,* the wife had no power to dispose of the residue of the estate of her husband; that he died intestate as to such residue and that his heirs at law took the same by descent.

[Syllabus by the court.]

APPEALED from Columbiana common pleas court.

C. S. Speaker and G. T. Farrel, for plaintiffs.

J. C. Boone, J. G. Moore, George Duncan and G. E. Davidson, for defendants:

Cited and commented upon the following authorities: *Gillen* v. *Kimball,* 34 Ohio St. 352; *Charch* v. *Charch,* 57 Ohio St. 561 [49 N. E. Rep. 408]; *Collins* v. *Collins,* 40 Ohio St. 353; *Cassidy* v. *Hynton,* 44 Ohio St. 530 [9 N. E. Rep. 129]; *Linton* v. *Laycock,* 33 Ohio St. 128; *Richey* v. *Johnson,* 30 Ohio St. 288; *Baxter* v. *Bowyer,* 19 Ohio St. 490; *Shaw* v. *Hoard,* 18 Ohio St. 227; *Edwards* v. *Rainier,* 17 Ohio St. 597; *Starling* v. *Price,* 16 Ohio St. 29; *Brasher* v. *Marsh,* 15 Ohio St. 103; *Parker* v. *Parker,* 13 Ohio St. 95; 2 Jarman, Wills 744; *Clyde* v. *Simpson,* 4 Ohio St. 445; *Thompson* v. *Thompson,* 4 Ohio St. 333; *Ward* v. *Barrows,* 2 Ohio St. 241; *Ober* v. *Hickox,* 10 Circ. Dec. 128 (19 R. 42); *Kline* v. *Marsh,* 5 Circ. Dec. 352 (12 R. 645); *Halley* v. *Hengstler,* 13-23 O. C. C. 504; *Townsend* v. *Townsend,* 25 Ohio St. 477; *McKelvey* v. *McKelvey,* 43 Ohio St. 213; *Carter* v. *Reddish,* 32 Ohio St. 1; *Woodruff* v. *Woodruff,* 13-23 O. C. C. 408; *King* v. *Beck,* 15 Ohio 559; *Jewett* v. *Jewett,* 12 Circ. Dec. 131 (21 R. 278); *Thomas* v. *State University* (*Tr.*), 70 Ohio St. 92; *Jones* v. *Shields,* 14 Ohio 359; *Lake Shore & M. S. Ry.* v. *Hutchins,* 37 Ohio St. 282; 30 Am. & Eng. Enc. Law (2 ed.) 578; *Barr* v. *Hatch,* 3 Ohio 527; *Murphy* v. *Benevolent Assn.* 13 Dec.

Thomas v. Hobson.

183; *Harding* v. *Glyn*, 1 Atk. 469; 22 Am. & Eng. Enc. Law (2 ed.) 1095 to 1125; *Blackburn, In re,* 43 Ch. D. 75; 2 Lewin, Trusts *836; 1 Lewin, Trusts *600 to *611; Page, Wills 188, 189, 307, 667; *Allen* v. *Boomer,* 82 Wis. 364 [52 N. W. Rep. 426]; 6 Lawson, Rights, Rem. & Prac. 5112, Secs. 3140, 3142, 5114; *Gilpin* v. *Williams,* 17 Ohio St. 396; *Piffard, In re,* 111 N. Y. 410 [18 N. E. Rep. 718; 2 L. R. A. 193]; 2 Underhill, Wills 909, 911, 1160, 1396; *Weir* v. *Smith,* 62 Tex. 1; *Ruggles* v. *Randall,* 70 Conn. 44 [38 Atl. Rep. 885]; *Cleghorn* v. *Scott,* 86 Ga. 496 [12 S. E. Rep. 876]; 1 Underhill, Wills 2; *Roy* v. *Rowe,* 90 Ind. 54; *Mills* v. *Franklin,* 128 Ind. 444 [28 N. E. Rep. 60]; *Burbank* v. *Sweeney,* 161 Mass. 490 [37 N. E. Rep. 669]; *Wead* v. *Gray,* 78 Mo. 59; *Forsythe* v. *Forsythe,* 108 Pa. St. 129; *Security Co.* v. *Pratt,* 65 Conn. 161 [32 Atl. Rep. 396]; *Johnson* v. *Battelle,* 125 Mass. 453; *Tower* v. *Hartford,* 115 Ind. 186 [17 N. E. Rep. 281]; *Pierce* v. *Simmons,* 16 R. I. 689 [19 Atl. Rep. 242]; Redfield, Wills 491; *Elyton Land Co.* v. *McElrath,* 53 Fed. Rep. 763 [3 C. C. A. 649; 2 U. S. App. 584]; 2 Redfield, Wills (3 ed.) 116; *Clermontel's Estate,* 12 Phila. 139.

## COOK, J.

This action is by the executors of the wills of John Hoyle and Dorothy Hoyle, deceased, and is for the purpose of obtaining the direction and judgment of the court under Rev. Stat. 6202 (Lan. 9743), respecting the distribution of the estates of the decedents.

John Hoyle made his last will and testament on June 3, 1886. The second, ninth and tenth items of the will, which are in controversy, are as follows:

"2. I will and bequeath to my beloved wife, Dorothy Hoyle, during her natural life, all the property that I own or possess at the time of my decease, real, personal or mixed, and at her death to be disposed of as hereinafter named."

"9. At the death of my wife, Dorothy, I will and direct that onehalf of what remains of all my property or that which has not yet been disposed of, as hereinbefore named, shall be equally and ratably divided amongst all my brothers' and sisters' children, share and share alike."

"10. I will and direct that my wife, Dorothy Hoyle, shall be allowed to dispose of all the rest, residue and remainder of all my estate and effects (not hereinbefore disposed of) by will or otherwise as she deems just and prudent previous to her decease, to take effect after her death."

On August 15, 1889, more than three years after John Hoyle made his will, his wife Dorothy made her will and in that will she recites, before making disposition, that she executed the will for the purpose

of disposing of a certain portion of the estate of her husband, John Hoyle, which by his will he had left for her to dispose of as she thought best and which then remained undisposed of, as a reference to his will would show. She then by this will made a disposition of that portion of the estate of her husband.

Dorothy Hoyle died on February 19, 1892. John Hoyle died on March 22, 1904. Both of the wills were probated after the death of John Hoyle.

The claim of defendant, Sarah Ann Hobson, and other devisees and legatees of Dorothy Hoyle under her will is that by virtue of the tenth clause of the will of John Hoyle she, Dorothy, had the right to dispose of all the estate of her husband by will, not specifically disposed of by him in his will; while the claim of the heirs of John Hoyle is that the wife had no power by will to dispose of any of the estate of her husband; and that John Hoyle died intestate as to the portion not disposed of in his will.

It must be conceded that under Rev. Stat. 5914 (Lan. 9450), that no disposition of property can be made by will except the party has an interest therein; therefore, if John was the absolute owner of the property at the time Dorothy made her will and at her death, then her will was wholly inoperative as to such property. John might possibly dispose of the property by will and give his wife by apt words the power of appointment if she should not survive him, but that is not done in this case. She undertook by her will to dispose of property that belonged to him, was in his possession, and under his control. This could not be done. If John had devised and bequeathed the property by his will to such persons as she should direct by her will, the case might be different, but there is no disposition of the property in controversy, except by the will of Dorothy.

In the case of *Condit* v. *De Hart,* 62 N. J. Law 78 [40 Atl. Rep. 776], it is held:

"Supreme Court of New Jersey, July 19, 1898.

"WILLS—POWER OF APPOINTMENT—EXECUTION.

"D., by his will, devised his residuary estate to his son H. By a codicil he afterwards authorized his said son to dispose, by his will, of said residuary estate, and then devised and bequeathed the same to such person or persons as his son should designate and appoint by his will as those to whom he desired it to go. H. died before the testator, leaving a will in which, after reciting the power of appointment con-

tained in the codicil to his father's will, he designated his wife, A., as the person to whom the estate should go: *Held,* that while the power of appointment could not be executed by H. during the donor's lifetime, and therefore his will was not a good execution of it (because he could not, by his will, make a valid disposition of property, which was wholly and absolutely in the ownership and control of another), yet the devise contained in the codicil to the testator's will, to such person or persons. as H. should designate in his will, operated to pass the estate, and the will of the latter could be referred to for the purpose of ascertaining the personality of the testator's devisee.''

To the same effect is the case of *Piffard, In re,* 111 N. Y. 410 [18 N. E. Rep. 718; 2 L. R. A. 193], the syllabus of which case is as follows:

''The will of P. gave to his daughter S. one-fifth of all his real and personal estate. By a codicil he directed that S. should have power by her will, 'heretofore or hereafter' executed, to dispose of the share devised and bequeathed to her, and to that end he directed that such share should be paid over by his executors to the executors or trustees named in her will in case of her death during his lifetime, but in case she survived, then that such share should be paid over to her. S. died before the testator, leaving a will: *Held,* that while the testator gave a power of appointment, which as a power the donee could not execute during the donor's lifetime, yet the further language of the codicil showed the testator's intent to be, in case of the happening of the contingency specified, to devise and bequeath by force of his own will the daughter's one-fifth to such person or persons and in such shares and proportions as she had directed or should direct in the disposition of her own property; that the will of the daughter could be referred to to define and make certain the persons to whom and the proportions in which the one-fifth should pass; and that the executors of the will of P. were properly required to pay over that share to the executors of the will of S. for the purposes of distribution.''

It is further said that if the power of appointment failed that the will of the wife became part of the will of the husband by incorporation.

In order to incorporate the will of the wife into that of the husband's, by reference, three things were necessary:

''1.  The will itself must refer to such paper to be incorporated as being in existence at the time of the execution of the will and in such a way as to reasonably identify such paper in the will and in such way as to show testator's intention to incorporate such instrument in his. will and to make it a part thereof.

· Columbiana County.

"2. Such document must in fact be in existence at the time of the execution of the will.

"3. Such instrument must correspond to the description thereof in the will and must be shown to be the instrument therein referred to." Page, Wills Sec. 164.

None of these requisites exist in this case.

The finding and decree of the court is that the heirs of John Hoyle are entitled to that portion of the property sought to be devised and bequeathed by the will of Dorothy Hoyle; and this being the same holding as made by the court of common pleas, the same entry will be made as in that court.

**Burrows** and **Laubie, JJ.,** concur.