## Massey to use, Appellant, v. Massey et al.

*Judgment—Opening judgment—Evidence—Issue on appeal—Justice and equity—Appeals—Abuse of discretion—Burden of proof—Judgment note—Negotiable instruments—Act of May 16, 1901, P. L. 194.*

1. No evidence should be produced or question considered on a rule to open a judgment unless relevant to an issue raised by the petition and answer.

2. Where petitioners have produced sufficient evidence to sustain their contention regarding the only issue of fact thus raised, the order awarding an issue will not be reversed.

3. In all such cases the question on appeal is: Did the court below abuse its discretion?

4. Where there is a prima facie defense to a judgment note, plaintiff has the burden of proof of showing it is not available because the note was filled up and used for the purpose for which it was given.

5. Where, on the pleadings and proofs, doubts exist as to the justice and equity of a case, ordinarily the court below will not be reversed for opening the judgment.

Mr. Justice FRAZER filed a dissenting opinion, in which Mr. Chief Justice BROWN and Mr. Justice MOSCHZISKER joined.

Argued March 1, 1920. Appeal, No. 48, Jan. T., 1920, by plaintiff, from order of C. P. Berks Co., March T., 1918, No. 66, J. D., making absolute rule to open judgment in case of Franklin F. Massey, now to use of Myerstown Trust Co. v. Franklin F. Massey et al. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Rule to open judgment entered on judgment note. Before ENDLICH, P. J.

The opinion of the Supreme Court states the facts.

The court made the rule absolute. Plaintiff appealed.

*Error assigned* was order making rule absolute.

*Jefferson Snyder,* with him *Dawson W. Light* and *Wilson S. Rothermel,* for appellant.—The question before the lower court was not to be disposed of as if the petition itself constituted a portion of the evidence; the petition was an ex parte statement not given before a court or in the presence of the opposite party with the opportunity of cross-examination.   Yet the learned court below seems to have treated the petition as evidence: Feldman v. Leace, 71 Pa. Superior Ct. 239; Humphrey v. Tozier, 154 Pa. 412; Woods v. Irwin, 141 Pa. 278.

*Thomas K. Leidy,* with him *William Jackson Young,* for appellees.—The general rule governing a court in exercising its discretion in opening judgments has been sharply defined and indicated in scores of decisions by this court: Cloud v. Markle, 186 Pa. 614; Shoemaker v. Dean, 201 Pa. 439; Union Trust Co. of Pittsburgh v. Hugus, 258 Pa. 479; Kaier v. O'Brien, 202 Pa. 153.

OPINION BY MR. JUSTICE SIMPSON, May 3, 1920:

In the court below judgment was entered, as by confession, in the name of "Franklin F. Massey, now to the use of Myerstown Trust Company," upon a judgment note payable on demand, given and executed by the said Franklin F. Massey and the four other defendants, to the order of the said Franklin F. Massey, and by him some days thereafter formally assigned to the said Myerstown Trust Company, whereupon J. O. Geisler and Daniel W. Bohn (two of the defendants and appellees herein) obtained a rule to show cause why the judgment should not be opened and they let in to a defense.

After making the usual formal averments, they alleged in their petition for the rule that they had been accommodation makers or endorsers on certain notes discounted for the use of the said Franklin F. Massey; that he informed them he was required to take up those notes and asked them to give him, for this purpose, a

note in blank, payable to himself, which he would fill up in an amount which "should not exceed......the sum of $750"; that he took said note then "containing nothing but the signatures of the defendants and delivered the same in an incomplete state to an officer of the Myerstown Trust Company, [who] completed said note by writing therein the name of Dr. Franklin F. Massey as payee and the amount for which said note was drawn, to wit, $9,960, both in words and figures, and inserting therein a provision that said note was payable on demand," of which facts appellees had no notice until judgment was entered of record and execution issued thereon.

The answer of use-plaintiff does not dispute nor even call for proof regarding the essential averments of the petition, except the one which says the note was not filled up until after it was delivered.  This is denied and the contrary thereof averred, and thereon use-plaintiff bases its principal if not only defense, so far as the answer is concerned, by claiming the benefit of section 14 of the Negotiable Instruments Act of May 16, 1901, P. L. 194.  It is admitted there was sufficient evidence to submit this disputed point to a jury, and hence it is not necessary to consider its materialty, though the form of the action (McKinney v. Mehaffey, 7 W. & S. 276; Guarantee T. & S. Dep. Company v. Powell, 150 Pa. 18; Commonwealth v. Phila., 193 Pa. 239), and the fact that the note was overdue when taken by use-plaintiff, (Andress's App., 99 Pa. 421; Cook v. Carpenter, 212 Pa. 165; Dominion Trust Company v. Hildner, 243 Pa. 254) leave this matter at least doubtful.

It is alleged, however, that the depositions show appellees executed the note for the purpose for which it was delivered to use-plaintiff, and hence, it is argued, the rule to open the judgment should have been discharged.  The fact thus averred might be admitted, yet the conclusion sought to be drawn therefrom would not follow, even though we also hold inapplicable the rule of

practice that in proceedings of this kind no question should be considered unless raised by the petition and answer: Fisher v. King, 153 Pa. 3; Carr v. Ætna Accident & Liability Co., 263 Pa. 87; State Camp of Penna. of the Patriotic Order Sons of America v. Kelley et al., 267 Pa. 49. We are not now called upon to decide whether binding instructions will have to be given on final hearing, if at that time nothing further appears than is shown in these depositions; but whether the court below abused its discretion in opening the judgment. Of course, if, on the hearing of such rules, defendants do not produce evidence to sustain the issues clearly raised by the pleadings, or if they do and it is met by writings which are determinative of the controversy, or by undisputed oral evidence given by witnesses whose testimony is clear and of whose disinterestedness and fairness there is no reason to doubt, we may well be asked to reverse for the opening of a judgment; but when, on the pleadings and proofs, doubts exist as to what is the real justice and equity of the case, the court below ordinarily will not be reversed for opening or refusing to open a judgment, for its order, especially when interlocutory as the present one is, is within its sound discretion.

In the present case the defense is complete as against Massey and use-plaintiff alike, unless the note was filled up and used for the purpose for which it was given, of which allegation there was no averment in the answer, and the burden of proof thereof is on appellants; admittedly there is ample evidence to go to the jury on the only issue specifically raised by the answer; the evidence was oral, and confessedly only part of that which can be produced on the trial; and the witness whose testimony is relied upon by appellants, as showing the note was so filled up and used, does not so state, it maybe he was endeavoring thereby to excuse his alleged wrongdoing to one or both of the parties, and was, moreover, in a military camp when his deposition was taken and could

not testify with certainty, because he did not then have access to his books and papers. His uncorroborated testimony on this vital point goes no further than that his "understanding" with use-plaintiff was that the note was "to be for the sum total of all other notes in the trust company"; that he "did not know the amount" due by him, or "for what amount this note should be drawn," or, until long afterwards, for what sum the treasurer of the trust company filled it up; that he "felt that the amount was incorrect," but was not sure because he did not have access to his books and papers; that "nothing was said [to defendants] one way or the other" regarding the amount to be placed in the note, but it was not to be so filled up as "to increase the liability of any one"; and that defendants at that time were "on some notes," which did not however "aggregate" $9,960, the amount of the note in suit. In an endeavor to cover this figure plaintiff's treasurer testified that Geisler was liable to the extent of $600 and Bohn to the extent of $6,050, on the notes taken up by the note in suit, and added that possibly, though he could not say certainly, they may have been liable, as accommodation endorsers, on other of the notes included in the $9,960.

It follows from the foregoing that the conclusions reached by us is in accord with and not in disregard of the rules of equity pleading and practice; and that the case is within the class over which the court below was entitled to exercise its discretion in awarding a jury trial. No authority has been brought to our attention, and we have found none, wherein a contrary conclusion has been reached, under these or similar circumstances; whereas in principle it is in accord with our recent decision in the Cleveland Worsted Mills Company v. Myers-Jolesch Company, 266 Pa. 309. Moreover, to now decide against defendants is to forever exclude them from all relief, however greatly they may have been wronged; while, on the other hand, as the liens of

both the judgment and the execution were allowed to remain for the protection of use-plaintiff, opening the judgment harms neither party finally

The assignments of error are overruled and the order appealed from is affirmed.

### DISSENTING OPINION BY MR. JUSTICE FRAZER:

The majority opinion is based, not on the evidence produced in support of the petition to open the judgment, but on that which petitioners may produce on the trial of the case. This conclusion is in disregard of the familiar rule that a petition to open a judgment is to be determined by the sufficiency of the evidence submitted in support of the application, in accordance with the practice and procedure in equity. The opinion of the majority permits the court below, in the exercise of its discretion, to disregard the rules of equity pleading and practice, and bases its decision upon matters set forth in the petition, notwithstanding they are denied in the answer and unsupported by proofs. In this case, to my mind, the proofs are stronger against petitioners and in favor of plaintiffs.

The petition to open the judgment avers that petitioners, J. O. Geisler and Daniel W. Bohn, two of the defendants, were accommodation makers or endorsers on certain notes discounted by the Peoples Trust Company, for the use of Franklin F. Massey, who, on or about September 15, 1917, informed defendants the trust company required the notes to be taken up, and stated if they signed a note in blank on a partly printed form, payable to him, he would fill it in for a sum not exceeding $750, the amount of the notes held by the Peoples Trust Company on which defendants were already joint makers or endorsers, and have the same discounted by the Myerstown Trust Company and use the proceeds in taking up the notes held by the Peoples Trust Company; that, pursuant to this request, the note in suit was signed in blank by defendants, and by Massey delivered

to an officer of the Myerstown Trust Company, who completed it by writing therein the name of Massey as payee and the amount in the sum of $9,960; that defendants had no knowledge of the amount inserted but believed it to have been filled out in accordance with the agreement in a sum not exceeding $750, until March 23, 1918, at which time judgment was entered and execution issued against property of defendants. The petition averred in conclusion that the Myerstown Trust Company, before filling in and completing the note, as was its duty, failed to make inquiry from defendants to learn the extent of the authority of Massey in negotiating the obligation, and, therefore, the trust company was not a holder for value in due course.

The answer of the Myerstown Trust Company denied knowledge of the arrangement or the conversation between defendants and Massey with respect to the amount of the note or that it was delivered to its officer in an incomplete state, and averred it was a fully completed obligation in all respects before signatures were obtained and was duly signed by defendants and others in its completed form and delivered to an officer of the trust company.

In support of the averments set forth in the petition, defendants took the deposition of Massey, who testified the signatures were placed on the partly printed note with blank spaces for date, time of payment, amount, etc., in his presence and before the blank spaces were filled out either as to date or amount and was delivered by him in that condition to Frederick W. Light, treasurer of the trust company, who filled in the blanks. Massey also testified he was not aware at the time of the amount necessary to meet the several obligations then in the hands of the Myerstown Trust Company and that the object of the note in controversy was to combine his entire indebtedness to that company in a single note. This testimony was corroborated by the wife of Massey, also one of the signers, and she further said the amount

was not written in at the time she signed and that she called her husband's attention to that fact. The testimony of these two witnesses was contradicted by Light, who admitted having filled out the note except the date, stating, however, he did so before the signatures of the makers were obtained. This raised a question of fact for the jury. The determination of this question, however, does not reach the real issue upon which the defense rests. Assuming the jury should decide the disputed fact in favor of defendants, a question arises with respect to the further contention that the note was, in fact, given by defendants to Massey, pursuant to a verbal agreement that it should be filled out in an amount necessary to cover Massey's obligations held by the Peoples Trust Company, amounting to $750.

Under section 14 of article I of our Negotiable Instruments Act of May 16, 1901, P. L. 194, one who signs a paper in blank and delivers it to another for the purpose of having it filled in as a negotiable instrument, gives such person prima facie authority to insert any amount. This right is subject, however, to the further provision that to enforce such instrument against one who became a party before its completion it must have been filled out strictly within the authority given. In view of the prima facie effect of the delivery in blank, the burden of proof in the first place rests upon the person alleging failure to complete the note in accordance with the authority given. The burden was consequently on defendants to aver and prove that Massey, in dealing with the trust company, exceeded his authority by placing in the note an amount greatly in excess of that he was authorized to insert. The correctness of the action of the court below must accordingly depend upon whether there was sufficient proof of a limitation on Massey's authority to warrant submitting the question to the jury and, hence, to justify the court below in opening the judgment.

The only evidence offered by defendants on this point was that of Massey who testified to having several obligations held by the Myerstown Trust Company on which defendants were liable either as makers or endorsers, and, desiring to combine his indebtedness in one demand note, the note in suit was made without, however, having a definite arrangement with defendants as to the amount of the indebtedness to be included, except that it should be for the total of all other notes of his held by the Myerstown company. He testified further that at the time the note, the subject of this controversy, was signed no reference was made to taking up notes at the Peoples Trust Company but that he did at one time have obligations at that bank which were paid a year before the note in suit was made.

Counsel for defendants formally admitted that on September 15, 1917, six weeks previous to the making of the note in suit, there were no obligations of Massey held by the Peoples Trust Company upon which defendants were makers or endorsers, and that the last of Massey's indebtedness to that company was paid April 5, 1917. The depositions of defendants who presented the petition to open judgment were not taken and we are without the light that evidence might have thrown on the material question, the amount Massey was authorized to insert in the note. This leaves uncontradicted the testimony of Massey to the effect that the obligation was intended to and did include the amount of the various notes held against him by the Myerstown Trust Company. Nor did he dispute the correctness of the amount of his indebtedness as fixed in the note at the time he testified, or at any other time. The main point of the defense, to wit, that Massey had authority to fill in only the amount of his notes held by the Peoples Trust Company, aggregating $750, remains without support in the evidence produced under the rule to open judgment.

The court below, however, based its opinion upon the facts "gathered from the petition, answer and depositions." Having seen the depositions are insufficient to support the defense relied upon, the question remains whether the necessary facts may be inferred from averments contained in the petition and answer. An application to open a judgment is an equitable proceeding and governed by equitable principles and practice. The petition and answer are consequently in the nature of a bill and answer in equity, and the testimony taken by depositions, or otherwise, is intended to furnish the necessary proofs upon which the court acts in entering its decree: Humphrey v. Tozier, 154 Pa. 112. In accordance with the rules of equity practice the averments in the bill must be taken to be true unless denied by the answer. Conversely, where a responsive answer is filed and no depositions taken and no admissions contained in the record, nor other matters disclosed, the court would not be justified in granting the petition, in absence of proofs to support its prayers: Woods v. Irwin, 141 Pa. 292; Feldman v. Leace, 71 Pa. Superior Ct. 239. This conclusion is in accordance with the general equitable rule that relief in equity must conform to the case made out by the pleadings, as well as the proofs, and that neither allegations without proofs nor proofs of matters not alleged can be made a basis for equitable relief: Luther v. Luther, 216 Pa. 1.

Shoemaker v. Dean, 201 Pa. 439, is cited by appellee as authority for the proposition that the judgment may be opened even though the averments of the petition are denied by the answer and no proof in support of the petition is furnished. In that case we said (page 441) : "The defendant in his petition alleged that he had never signed nor delivered the note, nor authorized any one to do so for him, and that his signature thereto was a forgery. The plaintiff in his answer averred that the note had been duly signed. This raised an issue on which the defendant was entitled to go to

the jury." An examination of the record in that case shows that testimony was not in fact taken. It does appear in the opinion, however, that the order making absolute the rule to open the judgment was unappealed from. The opening of the judgment was assigned as error on an appeal taken after trial and verdict for defendant. This court could, therefore, not have reversed the order permitting the judgment to be opened without also setting aside the verdict of the jury which had established that the facts set forth in the petition to open were true. Having concluded the verdict was proper on the issue submitted to them it necessarily followed this court was bound to affirm the order opening the judgment. See also Brecht v. McParland, 187 Pa. 634.

In view of the failure by defendant to produce evidence in support of the averment to the effect that the note was delivered with the understanding it should be filled in for an amount not exceeding $750, an examination of the petition and answer becomes necessary to ascertain whether this deficiency is in any way supplied by admission or matters they contain. A rule of equity practice is that averments contained in bill or petition must be taken as true unless denied in the answer. Paragraphs 7 and 8 of the petition aver the note was signed by defendants in reliance upon the verbal agreement of Massey that he would fill in a sum not exceeding $750, and use the proceeds in taking up the two notes totaling that amount held by the Peoples Trust Company and on which defendants were liable. The answer states that plaintiff has no knowledge of the matters referred to in paragraphs 7 and 8 and if the representations were made by Massey they were not made at the request or direction or with the consent or knowledge of plaintiff. While this language is not an explicit denial but a mere averment that plaintiff was without knowledge of the facts, the truth of which averment must be conceded in view of the fact there was no pretense the statements were

made in the presence of plaintiff or any of its officers, yet it can hardly be construed as an admission of the facts stated in the petition, especially in view of the explicit denial made in the following paragraph of the answer in reply to the averment in the petition that at the time the note was signed in blank it was "the express and clearly understood arrangement between Dr. Franklin F. Massey and them [defendants] that said note should not exceed in amount the sum of $750."

We accordingly have the averments of the petition denied by responsive answer and no testimony furnished to support the averments which form the basis of the application to open the judgment and nothing in the record to account for defendants' failure to furnish such proofs by their own testimony.  In view of this condition of the record, and under the rules laid down by the authorities above referred to, I would hold the court below, in opening the judgment, acted without proper basis in the testimony, and I would reverse its order and reinstate the judgment.

Mr. Chief Justice BROWN and Mr. Justice MOSCH-ZISKER concurred in this dissenting opinion.