## Lozier v. Admy.

*Negotiable instruments — Judgment notes — Negotiability—Assignment— Transfer by endorsement — Amendment — Negotiable Instruments Act of May 16, 1901.*

1. A promissory note, payable "on demand after date," and containing authority for the immediate entry of judgment against the maker, is not a negotiable note. The authorization for immediate entry of judgment before the maturity of the debt destroys the negotiability of the note.

2. When a non-negotiable sealed note is endorsed and delivered with intent to transfer title, the legal title will not pass, but equitable ownership does pass, and the equitable owner may maintain an action on the same in the name of the legal owner to his use.

Negotiable Instruments Act of May 16, 1901, P. L. 194, considered.

3. Where an action upon a note is brought in the name of the legal owner, who is not the equitable owner, it is proper to allow an amendment to show that the action is for the use of the latter.

Motion to take off non-suit. C. P. Dauphin Co., Jan. T., 1922, No. 477.

*Metzger & Wickersham* and *W. G. Galbraith,* for motion.

*W. Justin Carter,* contra.

HARGEST, P. J., Jan. 9, 1924.—This case is now presented upon a motion to take off a compulsory non-suit. Judgment was entered in favor of the plaintiff, against the defendant, which, upon petition, was subsequently opened and the defendant let into a defence. Upon the trial, it appeared that Tofie Admy signed a note for $1688.50, dated "Pittsburgh, Pa., November 9, 1921," payable "on demand after date" to the order of J. G. Lozier, and in which there is an authority for the immediate confession of judgment. This note was signed in the office of the Motors Mortgage Corporation in Pittsburgh, at once delivered by the defendant to the plaintiff, who immediately endorsed it and delivered it to the Motors Mortgage Corporation, together with a lease for an automobile. On the strength of this note and the lease, the Motors Mortgage Corporation furnished the money necessary to enable the plaintiff to purchase the automobile. The defendant was the accommodation maker of that note and secured no advantage therefrom. Judgment was entered in the name of J. G. Lozier alone. Upon this showing at the trial, counsel for the plaintiff moved to amend the caption by adding after the words "J. G. Lozier" the words "to the use of the Motors Mortgage Corporation." We declined to allow the amendment, and subsequently granted a non-suit on the ground that upon the plaintiff's case it was shown that the defendant owed nothing to the plaintiff. The motion is now made to take off this non-suit.

This motion involves the questions (1) whether the note was negotiable; and (2) whether, if not negotiable, it passed to and became the property of the Motors Mortgage Corporation.

(1) Section 5 of the Negotiable Instruments Act of May 16, 1901, P. L. 194, provides that a negotiable instrument, otherwise negotiable, is not affected by a provision which "authorizes a confession of judgment if the instrument be not paid at maturity."

In Andress's Appeal, 99 Pa. 421, 424, it is held: "The words 'on demand' in a note . . . import the debt is due and demandable immediately." See, also, Dominion Trust Co. *v.* Hildner, 243 Pa. 253; 8 C. J. Bills and Notes, § 602, and note 83. This note, however, is not payable on demand, but "on demand after date." The authority to enter judgment is not limited to a confession of judgment if not paid at maturity, but is authority to enter judgment immediately. Judgment could have been entered on this note on the

Lozier v. Admy.

day on which it was given, but payment could not have been demanded until the day after. Under the authorities in this State, this takes away the negotiability of this instrument. A note is not negotiable if it is "instantly liable to be merged in a judgment and its circulation arrested by the debt being attached:" Overton v. Tyler, 3 Pa. 346.

In Milton National Bank v. Beaver, 25 Pa. Superior Ct. 494, it was held that a note with authority to enter judgment "as of any term" was not negotiable. The court below, whose reasoning was approved by the Superior Court, said (page 496) : "Now, it is hard to conceive how the commercial properties of a bill or note can be extinguished before it has come to maturity, . . . and I cannot conceive how the acts of persons into whose hands a paper falls can change its character so as to affect the maker. When it leaves his hands, it either bears the stamp of negotiability or it does not. On principle, then, this note is not negotiable unless the statute has removed the obstructions to its course through the commercial world. But that statute, as we have seen, is expressly limited to confessions of judgment upon non-payment at maturity. And as effect is to be given to every word of a statute in its interpretation, only upon a plain violation of this common rule of construction could a note with authority to enter judgment upon it at once be held to be negotiable."

In Green v. Dick & Shope, 72 Pa. Superior Ct. 266, 270, it is said: "It was the legislative purpose to provide that an obligation, otherwise negotiable, should not lose its negotiable quality by reason of a warrant of attorney authorizing the confession of judgment after the debt became payable. The reason is apparent; by the entry of a judgment before maturity, the instrument would lose its negotiable character, its quality would become fixed as a judgment, and it could no longer be passed from hand to hand by endorsement and delivery; but after maturity, it becomes discredited if not paid, and no convincing reason could be given why it should not be collected by the use of a warrant of attorney as well as by a summons and judgment. A note not paid at maturity is in the same situation as a note in the hands of a holder after it becomes due."

In Haney v. Wilson, 37 Pa. C. C. Reps. 180, it is held that a power of attorney in a promissory note authorizing an immediate confession of judgment renders the note non-negotiable.

In Jackson, Admin'r, v. Utz's Exec'rs, 18 Dist. R. 163, it is held that a note payable one day after date, with the authority to enter an immediate judgment, is not negotiable.

Judgment could have been entered on this note upon the delivery, but payment could not have been demanded until the following day. Therefore, the judgment could have been entered before maturity, and this destroys the negotiability of the note.

(2) This note was endorsed by J. G. Lozier. It was delivered to the Motors Mortgage Corporation, and, being a note under seal and non-negotiable, it would regularly pass by assignment. In this case there is only an endorsement and delivery, and the question is whether the Motors Mortgage Corporation thereby secured a valid title. In other words, was there an equitable assignment? Bonds under seal may be assigned in equity by parol and delivery. The legal title would not pass, but the equitable ownership would: Licey v. Licey, 7 Pa. 251; Bunting's Admin'rs v. Railroad Co., 81 Pa. 254; Biddle v. Sheep, 20 Pa. C. C. Reps. 548.

In Merchants' National Bank v. Gregg (Mich.), 64 N. W. Repr. 1052, it is held that an endorsement of a non-negotiable note by the payee, accompanied

by delivery, operates as an assignment. This court, in Harris Motor Co. v. Platkin, 25 Dauphin Co. Reps. 456, held that an endorsement of a note amounted to an equitable assignment.

It, therefore, appears that the Motors Mortgage Corporation may have acquired title by this endorsement and delivery. That being so, we think the amendment to the caption, so that the suit would read "J. G. Lozier, to the use of the Motors Mortgage Corporation," should have been allowed.

In Schmucker v. Bertrand, 1 Woodward, 443, it is held that "where, by misconception either of fact or law, the parties equitably, instead of those legally, interested have been erroneously made plaintiffs in an action, the court has power to amend the record by the substitution of the proper parties:" Walthour v. Spangler, 31 Pa. 523; Latshaw v. Hiltebeitel, 2 Penny. 257.

In Folwell v. Beaver, 13 S. & R. 311, 313, the court, speaking of an instrument under seal, said: "If transferred, as the beneficial estate may be, by simple endorsement, still the action must be brought in the name of the original obligee for the use of the assignee; the equitable right and the beneficial interest is in the assignee, but he has no right of action in his own name:" Armstrong v. Lancaster, 5 Watts. 68; Jackson, Admin'r, v. Utz's Exec'rs, 18 Dist. R. 163; Blue Star Nav. Co. v. Emmons C. M. Corp., 276 Pa. 352; Bunting's Admin'rs v. Railroad Co., 81 Pa. 254.

It, therefore, appears that the amendment of the caption of this case so as to make the Motors Mortgage Corporation the use-plaintiff would have been proper: Tyrrill v. Lamb, 96 Pa. 464, 467; Royse v. May, 93 Pa. 454; Holmes v. Pennsylvania R. R. Co., 220 Pa. 189, 193.

It must be borne in mind, however, that the Motors Mortgage Corporation, having acquired the note and the rights under it by an equitable assignment, takes it with all the equities in the case.

In White v. Heylman, 34 Pa. 142, the court said: "The promissory note on which this suit was brought was not negotiable, and the equitable transferee of it, for whose use this action was commenced in the name of the payee, took it subject to all the equities existing between the original parties at the time of the transfer." See, also, Houk v. Foley, 2 P. & W. 245.

For these reasons, the motion to take off the compulsory non-suit is allowed, and the amendment to the caption of the case is allowed so as to read "J. G. Lozier, to the use of the Motors Mortgage Corporation," with the right to the defendant to file an affidavit of defence within fifteen days from the date of the filing of this opinion.          From Sidney E. Friedman, Harrisburg, Pa.