## McComsey *v.* McGowan, Receiver, Appellant.

Argued January 25, 1937.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Russell H. Yoder,* with him *Leonard G. Yoder,* for appellant.

*John H. Bertolet,* with him *Harry W. Lee,* of *Stevens & Lee,* for appellee.

OPINION BY MR. JUSTICE LINN, March 22, 1937:

Plaintiff brought this action of replevin against the conservator of Penn National Bank and Trust Company of Reading (afterwards succeeded by the receiver) to recover shares of stock pledged with the bank as collateral on loans made before the conservator was appointed; he alleged that he had paid the notes and was therefore entitled to the return of the collateral. The defense was that a note in a large sum was unpaid and the collateral was held to secure payment of that note. The plaintiff denied that it was his note. It is unnecessary to state the facts at length. The case was essentially for the jury and was put to the jury in a full, clear and readily understandable charge. The verdict for the plaintiff is responsive to the issues made in the pleadings.

Plaintiff admitted that he signed notes in blank and delivered them to the cashier as he was instructed to do by the officers of the bank. The defendant agrees that all the notes that plaintiff admitted to be his obligations were paid and that he is entitled to the collateral if not liable on the note in question. The dispute grew out of the fact, as plaintiff insisted, that someone in the bank, for some purpose of his own, fraudulently filled up the note in dispute; that the plaintiff received nothing for it and that the bank gave nothing for it.

The Negotiable Instruments Act of 1901, P. L. 194, section 14, P. L. 196, provides: "Where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie* authority to complete it by filling up the blanks therein. And a signature on a blank paper, delivered by the person making the signature in order that the paper may be converted into a negotiable instrument, operates as a *prima facie* authority to fill it up as such for any amount. In order,

however, that any such instrument, when completed, may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. But if any such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time." The charge adequately dealt with this section as related to the questions raised: see *Massey v. Massey*, 267 Pa. 239, 110 A. 341; *Citizens National Bank v. Speck*, 108 Pa. Superior Ct. 247, 164 A. 810. The verdict settled this in favor of the plaintiff.

Appellant contends that plaintiff is estopped in the following circumstances. Accountants, in 1930, made an audit of the loans and discounts of the bank. The defendant produced two letters, one dated in October and one in November of 1930, addressed by the accountants to the plaintiff, stating that they were making an audit and giving "a list of loans and collateral, (if any) standing in your name. Will you please advise us as to the correctness of this list by signing below and returning it to us in the enclosed envelope." These letters contained the plaintiff's signature at the point designated in the blank for it and both show a note now said to be the one on which defendant seeks to hold plaintiff but in a different amount. The plaintiff testified that the papers were not in that form when he signed them, and that he never knew of the note until it was shown to him after the bank's failure when he denied that it was his obligation. It does not appear whether plaintiff sent or delivered those letters to the accountants or how the defendant obtained possession. There is no evidence that the bank did anything on the faith of the letters, if the bank ever had them, so that there is no ground whatever for estoppel. So far as appears plaintiff did nothing which could mislead or should have misled the bank.

In the circumstances the question of fact was for the jury.  There is no basis whatever to support the contention that there was an account stated, even had the question been properly raised below.

Judgment affirmed.