## Resh *versus* The First National Bank of Allentown.

1. In a suit by a bank upon a promissory note, the defendant offered to prove that the note in suit was procured from defendant by fraud; that he went to the bank to receive payment of a certificate of deposit; and that when the money was paid he signed a receipt, which turned out to be the note on which suit was brought. The court below rejected the offer : *Held*, that it should have been admitted.

2. Steckel *v.* Bank, *ante*, p. 376, and Ziegler *v.* Bank, *ante*, p. 393, followed.

March 4th 1880. Before SHARSWOOD, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ. MERCUR and GREEN, JJ., absent.

Error to the Court of Common Pleas, of *Lehigh county :* Of January Term 1880, No. 231.

Assumpsit by the First National Bank of Allentown against William Resh.

At the trial, before Albright, P. J., the plaintiff put in evidence a note drawn by the defendant for $500, to the order of himself and endorsed by him in blank.

[Resh *v.* Bank.]

The defendant then made the following offers : 1. To prove that at various times, he deposited moneys at the First National Bank, of Allentown, Pennsylvania, receiving certificates of deposit, which he supposed to be certificates of deposit of the First National Bank ; and that on the 7th of March 1877, he, presented one of these certificates at the First National Bank, and demanded payment therefor, and was requested by an officer of the bank to sign a paper, which defendant supposed at the time to be a receipt for the sum of $500, that being the amount of the certificate of deposit, which defendant presented for payment.

Objected to as incompetent and irrelevant, because the offer proposes to prove the supposition of the defendant ; and because there is no offer to show, that there was any fraud or imposition practiced upon the defendant at the time the note was signed. Objected sustained and the testimony excluded.

2. To show that when he presented the certificate of deposit for $500, to the plaintiff, which he had received from the First National Bank, he was requested to sign a paper as a receipt for the sum of $500 ; that the defendant signed said paper under the representations by the officers of the bank ; that it was a receipt, and that deceit and fraud was practiced by the officers of the bank, when they procured his signature to the note in suit ; and that the signature thus obtained, was the signature to the note in suit and not a receipt.

Objected to as incompetent and irrelevant, because the offer discloses no evidence of fraud or deceit, and no facts from which the jury could draw any such inference. Objection sustained and the evidence excluded.

3. To show that the note in suit was procured from the defendant by the plaintiff, by representing to him at the time he signed the same, that the paper he signed and was requested to sign, was a receipt for the sum of $500 ; and that the said sum of $500 was paid to the defendant upon a certificate of deposit, presented by the defendant to the plaintiff for payment.

Objected to as incompetent and irrelevant ; evidence excluded.

4. To show that on the 7th of March 1877, he presented what he believed to be a certificate of deposit of the First National Bank, at said bank for $500, and requested the payment thereof ; and that he was paid said sum of $500 upon a certificate of deposit obtained from the bank, being presented to the bank by the defendant ; and that he was asked by an officer of said bank to sign a paper, and that the paper which he signed was represented to be a receipt, and which the defendant now claims to be the note in question ; and that the defendant could not read or speak the English language.

Objected to as incompent and irrelevant ; objection sustained.

[Resh *v.* Bank.]

The verdict was for plaintiff for the amount of the note, interest and costs, and after judgment thereon, defendant took this writ and alleged, that the court erred in rejecting the above offers.

*R. Clay Hamersly* and *Thomas B. Metzger*, for plaintiff in error.
—The case of Kinzer *v.* Mitchell, 8 Barr 64, decides, that the acts and declarations of the parties, in the presence of each other, or the acts and declarations of the party to be affected thereby, which constitute part of the *res gestæ*, and enter into the character of the whole transaction, are evidence, and are to be taken together, as a connected link of a chain of circumstances, to establish a case of fraud.    In fact, all our offers contain propositions to show fraud, if not in the words used by the parties to the contract, then by their acts.

*Edward Harvey* and *R. E. Wright, Jr.*, for defendant in error.
—Certainly the supposition of a party is no criterion by which to measure the contract relation.    Even the intention of a party to a contract cannot be shown, but must be gathered from what was said and done before and at the consummation of it: Spencer *v.* Colt, 8 Norris 314.   Before plaintiff obtained the money, he was requested to sign the note in suit.  Suppose they did tell him it was a receipt; he could have read it or he could have had it read.   In this particular he neglected to do what he should have done: Adams *v.* Bachert, 2 Norris 524; Pennsylvania Railroad Co. *v.* Shay, 1 Id. 198.

In a case like this, an implication of damages cannot be made. Resh has our money and we have his note, and by paying that note, Resh stands just where he did when he called at the bank. [See Steckel *v.* Bank, *ante,* p. 376; and Ziegler *v.* Bank, *ante,* p. 397.—Rep.]

Mr. Justice Paxson delivered the opinion of the court, May 3d 1880.

While this case differs somewhat in its facts from Ziegler *v.* The Bank, and Steckel *v.* The Bank, just decided, it is similar in principle, and comes within the rulings of those cases.

The third assignment covers all that it is necessary to discuss. The court rejected evidence offered to prove that the note in suit was procured from defendant below, by fraud on the part of the bank officers; that he went to the bank to receive payment of a certificate of deposit for $500; that when the money was paid, he signed a paper represented by the bank officers to be a receipt for $500, but which afterwards turned out to be a note for $500, upon which this suit was brought.

It is true the plaintiff denies the facts upon which this offer was

[Resh *v.* Bank.]

based. But this denial goes for nothing, as the jury were not allowed to pass upon them.

The evidence should have been admitted. Judgment reversed, and a *venire facias de novo* awarded.