# The Inter-state Mutual Fire Insurance Company *v.* O. D. Brownback & Co., Ltd., Appellant.

*Corporations—Executed contract—Estoppel—Ultra vires.*

Where a corporation has entered into a contract which has been fully executed on one part, and nothing remains but for it to pay the consideration money, it will not be allowed to say that the contract was ultra vires.

*Limited partnerships—Cannot repudiate an executed contract beyond $500 limit.*

A limited partnership which had taken out a policy of fire insurance in a mutual company, and held and enjoyed the protection thereof for twenty months, cannot, upon being called upon to pay the first assessment, be permitted to repudiate their liability on the ground that the application had not been signed by at least two managers as required by the act of June 2, 1874, P. L. 271.

Argued Dec. 18, 1895.  Appeal, No. 32, Nov. T., 1895, by defendant, from the judgment of C. P. No. 2, Phila. Co., March T., 1894, No. 706, for want of a sufficient affidavit of defense.  Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, MCCARTHY and ORLADY, JJ.  Affirmed.

Assumpsit by plaintiff to recover $110.39, being the assessment on mutual policy of fire insurance and costs of collection, in which suit judgment was entered for want of sufficient affidavit of defense.

The facts are fully set forth in the opinion of the Superior Court.

*Errors assigned* were (1, 2) in making rule for judgment absolute, and entering judgment for want of a sufficient affidavit of defense.

*Joseph P. McCullen*, for appellant.—In Pittsburg Melting Co., Limited, v. Reese, 118 Pa. 355 (1888), the Supreme Court held that "Strangers dealing with a limited partnership organized under the act of June 2, 1874, P. L. 271, are bound by the limitations imposed upon the power of the individual members."

To the same effect is Walker v. Keystone Brewing Co., 131 Pa. 546 (1890), which was affirmed at bar.

184   INS. CO. *v.* BROWNBACK & CO., Ltd., Appellant.

Arguments—Opinion of the Court.      [1 Super. Ct.

While the amount claimed in the present case by plaintiff and for which judgment was entered, is only $110.39, yet by a glance at the application or contract for insurance upon which the present suit was brought it will readily be seen that the contract may impose upon the defendant's association not only a liability for an amount exceeding $500, but may impose a liability to the extent of double or treble that sum.

*James C. Sellers,* for appellee.—Where a contract in the name of a limited partnership association for sum of $500 was not signed by two : Held that the association was not relieved from all liability, but that plaintiff was liable to judgment for $500 only: Bank v. Walton & Co., Ltd., 1 Dist. Rep. 423. To a similar effect is the case of McLaughlin v. Centre Mining Co., Ltd., 10 C. C. Rep. 533.

The general rule is also well stated in Oil Co. v. Transportation Co., 83 Pa. 160, that where a corporation has entered a contract which has been fully executed on one part, and nothing remains but to pay the consideration money, it will not be allowed to set up that the contract was ultra vires.

See also on this point Oak Ridge Co., Ltd., v. Rogers, 108 Pa. 147; MacGeorge v. Chemical Mfg. Co., Ltd., 141 Pa. 575; Pittston Engine & Machine Co., Ltd., v. Fuller, 1 Dist. Rep. 299.

OPINION BY ORLADY, J., January 20, 1896:

On May 1, 1893, O. D. Brownback & Company, Limited, signed a printed application for insurance, against loss or damage by fire, in the Inter-State Mutual Fire Insurance Company, for five years from the 1st day of May, 1893, in the sum of $5,000 on certain described property, and therein promised to pay the said company such sum or sums of money at such time or times as the board of directors of said company may require and assess, to pay losses and expenses, and to accumulate a reserve or guarantee fund; and if any such assessment be not paid to the company, at its office in Philadelphia, or to a duly authorized agent, within thirty days after notice of the same, to pay twenty-five per cent thereon for expenses of collection; which application was approved and a policy for $5,000 issued by the insurance company, delivered to and accepted by the defendants.

On December 13, 1893, an assessment of $88.31 was levied upon the defendants under the policy and agreement, for the purposes specified in the agreement, due notice of which was given the defendants, who refused payment, and this suit was instituted to recover the amount of the assessment and twenty-five per cent thereon, with interest.

The case presents one question for the consideration of this court. The defendants admit the application, the execution and delivery of the policy of insurance thereunder, but contend that being a joint stock company, or limited partnership association, under the act of June 2, A. D. 1874, sec. 5 of which provides, " No debt shall be contracted or liability incurred for said association, except by one or more of the said managers, and no liability for an amount exceeding five hundred dollars, except against the person incurring it, shall bind the association unless reduced to writing and signed by at least two managers," and that there were three managers, no two of whom signed this application, which was executed in the firm name of O. D. Brownback & Company, Limited, the defendants are relieved from any liability.

Upon the consideration of a rule for judgment for want of a sufficient affidavit of defense alleging the above facts, the court below made the rule absolute, and judgment was entered against the defendants for the full amount of plaintiffs' claim.

From this judgment the defendants appeal and assign two errors: 1st, in making the rule absolute, and 2d, in entering judgment for want of sufficient affidavit of defense.

The contract was executed May 1, 1893, through the acceptance of the application and issuance of the policy. The assessed liability was $88.31.

The policy was accepted by the defendants, and retained without objection until January 22, 1895, (when the affidavit of defense was filed,) by which they were entitled to its protection for a period of over twenty months, and when payment of the first assessment is demanded they do not surrender it as improperly contracted for, but claim immunity from payment by reason of their own nonobservance of statutory duty. That this cannot be done is settled by numerous authorities: Railroad v. McCarthy, 96 U. S. 258 (6 Otto, 258); McClure v. Commonwealth, 80 Pa. 167.

The contract of insurance was for the benefit of both parties; was executed, and all that remained for the defendants to do under it was to pay assessments as they would be levied under the by-laws.   Neither party could say definitely what an assessment, or their aggregate would be, and the court below did not err in refusing to submit to a jury to ascertain the possibilities of future assessments, which would of necessity depend upon many matters not then known, among which would be possible changes in management, the number of policies outstanding, risks incident thereto, the losses, expenses and levies of a mutual fire insurance company, and from these determine whether they might exceed $500.   The demand in this action was fixed and certain, $88.31; what the subsequent ones might be would only be conjecture.

The contract as to this assessment was complete in itself. The act of 1874 was evidently intended to protect limited associations against improvident or corrupt action of any of their members, but it cannot be used to relieve them from liability for indebtedness contracted for their benefit, in the direct line of their power, acquiesced in for over twenty months, and finally ratified by retaining the policy of insurance, while repudiating assessments for the benefits received.

In Oil Creek & Allegheny River Railroad Company v. The Pennsylvania Transportation Company, 83 Pa. 160, it was held, where a corporation has entered into a contract which has been fully executed on one part, and nothing remains but for it to pay the consideration money, it will not be allowed to say that the contract was ultra vires.

Where it is a simple question of authority to contract, arising either on a question of regularity of organization, or of power conferred by the charter, a party who has had the benefit of the agreement cannot be permitted in an action upon it to question its validity.   It would be in the highest degree inequitable and unjust to permit a defendant to repudiate a contract the benefit of which he retains: Sedgwick (Stat. & Const., Consts.) page 73.

In McGeorge v. Chemical Mfg. Co., 141 Pa. 575, in an action where the secretary indorsed the note in suit, the Supreme Court held, " Granted that the secretary of the company had no authority to indorse the note in suit, yet the record shows

that the company received the proceeds.    There is a line of
cases which hold that a person cannot repudiate the authority
of the agent and yet enjoy the benefit of his act."

The defense rests, not on the want of power on the part of
the company to make the contract, or that they derive no bene-
fit from it, but simply upon the irregularity of its own manner
of execution.    It cannot be urged that the contract as made
was void or ultra vires in the sense that it was without legal
power to ratify or perform its part, and with the policy yet in
its possession, without objection as to the form of the applica-
tion supporting it, this defendant is estopped from denying its
liability to pay the assessment in suit.

The judgment is affirmed.