195      211
25 SC ¹332

195   211
f226  ¹444

## Worthington *v.* Schuylkill Electric Railway Co.

*Corporations—By-laws—Powers of officers.*

The by-laws of a corporation, upon their adoption, become written into the charter, and put parties, who deal with the corporation, upon notice, in trading with the officers of the corporation, as to the extent of the power and agency of such officer, and this, whether the specific by-law has been brought home to them or not.

*Corporations—President—Indorsement of promissory note—Course of dealing—Benefit to company.*

In an action against a corporation to hold it liable on an indorsement of a promissory note by its president, binding instructions should be given for defendant where it appears that the president had no authority under the by-laws to make the indorsement, that the corporation received no benefit from it, and that there was no course of dealing between the parties which misled the plaintiff.

Argued Jan. 9, 1900. Appeal, No. 246, Jan. T., 1899, by plaintiff, from judgment of Superior Court, Oct. T., 1898, No. 66, reversing judgment of C. P. No. 4, Phila. Co., on verdict for plaintiff in suit of Worthington v. Schuylkill Electric Railway Co. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Appeal from Superior Court.

The facts appear by the opinion of the Supreme Court, and the report of the case in 10 Pa. Superior Ct., 117.

*Error assigned* was the judgment of the Superior Court.

*S. G. Birnie,* with him *Francis G. Taylor,* for appellant.— Where a corporation receives and retains the benefits of the unauthorized action of its president, it may be and ordinarily is estopped to deny his authority: Ry. Co. v. Government Nat. Bank, 191 Pa. 83; Wayne Title & Trust Co. v. Schuylkill Electric Ry. Co., 191 Pa. 90.

Ordinarily a person dealing with the officer of a corporation is put upon notice as to a limitation upon his authority contained in its by-laws; but where he sees his goods going right into the hands of the corporation whose officer has given its obligation in payment therefor, he need not inquire as to what authority is given that officer in the by-laws to give the obligation: Dougherty v. Hunter, 54 Pa. 380; Penn. Natural Gas Co. v. Cook, 123 Pa. 170; Manhattan Hardware Co. v. Phalen, 128 Pa. 110; McGeorge v. Chemical Co., 141 Pa. 575; Millward-Cliff Cracker Co.'s Est., 161 Pa. 157.

*John J. Ridgway,* for appellee.

OPINION BY MR. JUSTICE BROWN, March 26, 1900:

This suit was brought by Henry R. Worthington to recover from the Schuylkill Electric Railway Company, upon the endorsement, by its president, of the promissory note of the Philadelphia Construction Company. The evidence is within very narrow limits. The Philadelphia Construction Company had a contract with the defendant to construct and equip the extensions of its road, for the consideration of " $500,000, par value, in stock, and $500,000, par value, in six per cent gold bonds,"

to be accepted "in full payment and satisfaction" of the contract. "All necessary pumps" were included in the specifications of "the power-house equipment." Two pumps were purchased by the construction company from the plaintiff, to be used in fulfilling its contract with the defendant. The plaintiff's salesman, Henry W. Lorraine, testifies. "The pumps were sold to the Philadelphia Construction Company, Mr. W. W. Hess, president, and, before the sale was effected, Mr. Hess told me, that in making payment for those pumps, he would pay for it with a note, and that he would give us a satisfactory indorser; and, before we accepted and before we credited the payment from him, we were advised by him that the Schuylkill Electric Railway Company would be the indorser for the note. Upon that representation, and the signing of the notes by Mr. Hess and the endorsement of Mr. Barrett, we accepted them as payment for the pumps."

At the time the note was given and indorsed by Charles H. Barrett, according to his uncontradicted testimony, his company had delivered to the construction company all the bonds and stock which it was to receive under the contract. There was no further liability to it from the defendant company. Under these conditions the note of the construction company was given to the plaintiff for pumps which he had sold to it, not to the defendant, and ought he now to recover upon the indorsement procured by his salesman? There was no by-law or resolution of the board of directors authorizing the president to indorse notes; but, on the other hand, the evidence is, that no such authority existed. The treasurer could indorse, but even his authority was defined by the by-laws. To them the plaintiff ought to have looked to learn whether the indorsement which he agreed to take was an authorized one, upon which the defendant would be liable. He would have found nothing to justify the authority which Barrett, the president of the company, assumed to exercise. Our Brother DEAN, in Wayne Title & Trust Company v. The Schuylkill Electric Railway Company, 191 Pa. 90, reannounces the rule of law in saying: "The by-laws of a corporation, upon their adoption, become written into the charter, and put parties, who deal with the corporation, upon notice, in trading with the officers of the corporation, as to the extent of the power and agency of such officer, and this,

whether the specific by-law has been brought home to them or not."

The contention that there was such a "course of dealing" on the part of the defendant that it is bound by the indorsement sued upon, cannot be sustained. So far as can be gathered from the evidence, it was the only indorsement that plaintiff had received from Barrett, as president of his company. There was no previous course of dealing of this same irregular character between the plaintiff and defendant from which a liability arose, and the learned president judge of the Superior Court correctly applied Millward-Cliff Cracker Company's Estate, 161 Pa. 157.

The learned trial judge, in charging the jury in the court below, said: "The main pinch of the case is, whether the company received any benefit from the indorsement. If it did receive a benefit, the company is responsible. If it did not, it is not responsible. That is all there is in this case." If there had been any evidence that the defendant had received benefit from the indorsement, the instructions as to the "pinch" would have been correct; but there having been none, as clearly appears in the very satisfactory opinion of the Superior Court, the jury should have been told that there was no "pinch" and their finding must be in favor of the defendant. The trial judge should have assumed the responsibility of saying that the plaintiff could not recover, and the judgment of the Superior Court, in reversing without a venire is now affirmed.