# Rodgers *v.* Black.

*Bond—Action—Multiplicity of action.*

Where the obligor in a bond binds himself to pay a sum of money mentioned in the bond to the person or persons legally entitled to receive the same and agrees to join with the obligee in any legal proceedings which may be appropriate for the purpose of settling the question as to who was entitled to the fund, the said question may be settled in a suit upon the bond, without any prior action or proceeding.

*Receivers—Growing crops—Grass fed to ponies.*

Where a person is appointed receiver of crops growing on land or harvested from a date named, he is entitled to the value of a crop of growing grass which had been cropped by ponies. The fact that the grass was fed to the ponies upon the stalk instead of being cut and cured and fed as hay makes no difference whatever. The grass had a commercial value in either case, and for that the receiver is responsible.

*Trial—Evidence—Province of court and jury.*

In an action of assumpsit, where a witness testifies to a certain state of facts, and no issue is raised either as to the facts to which he testified or as to his credibility, although the defendant is present in person during the trial, and it appears that if a verdict had been found against the uncontradicted evidence, it could not have been sustained, the trial judge commits no error in not submitting to the jury the question as to whether or not the testimony of the witness established the facts, and his credibility.

*Bond—Agreement as to costs—Verdict—Mistake—Modification of judgment by Superior Court.*

Where a bond provides that the costs of the proceeding to determine who is entitled to the fund mentioned in the bond shall be paid out of the fund, and in an action on the bond where the ownership of the fund is litigated and determined, a verdict and judgment is entered against one of the parties generally so as to carry costs, the Superior Court will not, on appeal, reverse the judgment for such mistake, but will so modify the judgment as to direct the costs to be paid out of the amount of the judgment entered upon the verdict.

Argued Oct. 9, 1900. Appeal, No. 41, Oct. T., 1900, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1898, No. 1021, on verdict for plaintiff in case of John Rodgers, Receiver, *v.* Edgar N. Black and The Merchants' Trust Company. Before RICE, P. J., BEAVER, ORLADY, W. W, PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a bond. Before BRÉGY, J.

From the record it appeared that the bond in suit was between Edgar N. Black and the Merchants' Trust Company, obligors, and John Rodgers, receiver, obligee.

The bond contained the following provisions:

"The condition of this obligation is such that if the above bounden obligor, Edgar N. Black, shall and do well and truly pay or cause to be paid to the person or persons legally entitled to receive the same, the sum of eight hundred dollars with the interest allowed thereon by the trust company, where the same is deposited, without any fraud or further delay, then the above obligation to be void or else to be and remain in full force and virtue.

"And for the purpose of settling the question as to who is legally entitled to receive the said sum, the said Edgar N. Black hereby agrees to join with the said John Rodgers in any legal proceedings which may be appropriate for the purpose of settling the said question, the cost of which to come out of the said fund."

It appeared that the fund mentioned in the bond had been paid to Edgar N. Black, who was an attorney at law, by the administrator of the Wister estate in settlement of a claim for growing grass which had been cropped by ponies belonging to that estate. The fund was claimed by Rodgers, a receiver appointed by the circuit court of the United States in a suit between different members of the Black family, which owned the land where the grass grew. The arrangements under which the money was paid to Black were testified to by Francis H. Bohlen, attorney for the receiver, as follows:

"Q. Do you mean that $900 was fixed as the amount by agreement between yourself and Mr. Black that it should be paid to the receiver for the pasturage of the ponies during the time he was receiver, if he was entitled to receive the pasturage of the ponies? A. That was exactly the understanding I had. Q. If he was entitled to receive the money for the pasturage of the ponies during the time he was receiver, you agreed the amount should be $900, leaving the question as to whether he was entitled to anything to be settled as a matter of law? A. To be settled upon the interpretation of the order appointing him as receiver."

Mr. Bohlen's testimony was uncontradicted.

The court charged the jury as follows :

[There are several questions in this case which· are, I think, entirely questions of law, because, as you may probably see, there is practically no conflict in the testimony.] [1]

[The plaintiff here was appointed by the court as a receiver to do certain things. He was appointed receiver " of the crops growing on the land." He is receiver of the crops growing on the land.

Now the first question is whether if somebody else put ponies in there and let them eat up the grass, whether he could recover the grass eaten by the ponies as crops growing on the land. That is a question of law, and I decide that in favor of the plaintiff that he could ; that the eating of the grass by the ponies was the same as if somebody had cut it down and made hay out of it; that the receiver was entitled to that.] [2]

[Then the next question is, how much he was to receive for that. That I think the parties have settled amongst themselves and fixed at $800, $900 less an attorney fee of $100, and therefore I think that is settled among themselves.] [3]

[The only other question is, whether under this form of suit the plaintiff can recover. I think it is my duty to decide that in favor of the plaintiff, and that then ends the whole case.] [4]

[Under the three questions raised, as I see it, the plaintiff being entitled to a decision in his favor in all of them, it becomes my duty to say to you that the plaintiff is entitled to recover, and that the amount should be $800, with the interest to be allowed by the trust company, as this fund was deposited in a trust company, to await the result of this suit, and therefore your verdict ought to be for the plaintiff for $800, with that amount of interest that is allowed by the trust company, as provided for by the bond.] [5]

Verdict and judgment for plaintiff for $800. Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*Edgar N. Black*, for appellant.

*N. Dubois Miller*, with him *John J. Wilkinson*, for appellee.

OPINION BY BEAVER, J., January 22, 1901:

In the bond upon which the plaintiff brought his suit there occurs this provision: "For the purpose of settling the question as to who is legally entitled to receive the said sum, the said Edgar N. Black, Jr., hereby agrees to join with the said John Rodgers in any legal proceedings that may be appropriate for the purpose of settling the said question, the cost of which to come out of the said fund." Could there be a recovery upon this bond, without a previous submission in some form to a competent legal tribunal of the question as to who was legally entitled to receive the amount thereof? The court below took the view that it could be settled in the present action. We see no difficulty in this view of the case. The law seeks to avoid a multiplicity of actions. The fact that the defendant appeared and pleaded may be regarded as a compliance with his agreement to join with the plaintiff in legal proceedings appropriate for the purpose of settling the question as to the legal title to the money held by him. There was certainly no necessity for two actions, the one to determine the liability of the defendant to pay and another to enforce that liability.

The plaintiff was appointed by the United States Circuit Court as "receiver of the crops growing on the land or harvested since the acknowledgment of the marshal's deed." Instead of having the grass cut and cured in the usual way, he acted as an agistor, and had it cropped by ponies as pasturage. Whether used in the one way or the other, it was undoubtedly a crop growing on the land and as such was under the control of the receiver, and was necessarily to be accounted for by him. It was so held by the court below, and this ruling upon the question constitutes one of the principal specifications of error. The view of the court was so clearly correct that no discussion of it is necessary. Grass growing upon the land is one of the valuable products of agriculture and one of the principal commercial crops. The fact that it was fed to the ponies upon the stalk instead of being cut and cured and fed subsequently as hay, made no difference whatever. It had a commercial value in either case and for that the receiver was responsible.

The question as to whether or not the plaintiff was legally entitled to receive the amount, for the payment of which the bond in suit was conditioned, depended upon the testimony

produced by him. Several witnesses were called, among them his attorney who conducted the negotiations for a settlement, through the defendant, with the administrator of the estate which owned the ponies pastured. A careful reading of his testimony leaves no doubt as to the fact that the claim of the receiver was settled for the sum of $900, $100 of which was to be paid to the defendant as an attorney's fee, leaving the sum of $800, for the payment of which the bond is conditioned, to be paid to the receiver, if he was entitled to receive the same under the terms of his appointment. This was, it is true, a question of fact ordinarily to be submitted to a jury, but no issue was raised either as to the facts to which the witness testified or as to his credibility. The defendant was present in person during the trial. If any of the statements made by the witness had been the subject of controversy, it would have been very easy for him to raise an issue either as to the facts stated or as to the credibility of the witness. This was not done in any way. In Eister v. Paul, 54 Pa. 196, in reference to a question which is peculiarly one of fact for a jury, Mr. Chief Justice WOODWARD said: "The location of surveys, that is, the precise position which they were intended to occupy upon the ground, is generally a question of fact to be decided by the jury, but where the evidence is all one way and is so satisfactory that a court would not sustain a verdict that should find against it, we will not reverse the judgment, because the judge declared the true effect of the evidence instead of submitting it to the jury. If the judge mistake the effect of the evidence, he commits a double error, one in withholding it from the jury and the other in misjudging it himself, but in this instance we discover no error." This was distinctly followed in the later case of Angier v. Eaton et al., 98 Pa. 594, in which Mr. Justice STERRETT, late Chief Justice, said: "So far as the substantial identity of the valves is concerned, the evidence was all one way, and there was no question of fact for the jury to pass upon. There was really no dispute as to any of the material facts which the court treated as having been establised by uncontradicted evidence. It is true the court might have submitted the testimony to the jury but, under the circumstances, there was no error in not doing so." It is true that the court below might have submitted the question as to whether or not the testimony of Bohlen estab-

498, (1901).]                    Opinion of the Court.

lished the facts as to which he testified, and his credibility, to the jury; but, if a verdict had been found against the uncontradicted evidence, we do not see how it could have been sustained. On a careful review of the whole case, therefore, upon the authority of the well considered cases above cited, we are of the opinion that the court below committed no error in giving binding instructions to the jury.

The portion of the bond above quoted provides that the cost of the proceedings necessary to settle the question as to who is legally entitled to receive the said sum is " to come out of the said fund." A general judgment was entered upon the verdict with interest which would, of course, carry costs. This was an inadvertence and should not, under the terms of the bond, be allowed. It is not necessary, however, to send the case back for a new trial, in order to remedy this inadvertence. We may modify it in pursuance of the general power given to us in the act creating this court. The assignments of error are all overruled and the judgment of the court below is so modified as to direct the payment of the costs in the court below and in this court out of the amount of the judgment entered upon the verdict, and with this modification, the judgment is affirmed.