term. That this was the ground of the decision in Potts v. Staeger appears by the following excerpt from the opinion of the court: "But in the case in hand the first appeal, as it is called, is incomplete. There is an attempt to appeal, it is true, but the attempt was abortive. That there is no appeal, or at any rate a defective appeal, is shown in the case of Moore v. Creamer, 3 P. & W. 416. It is not, as the defendant in error supposes, the withdrawal of an appeal, for there was no appeal to withdraw. All the defendant had done was to enter his appeal, or, in other words, to manifest his intention to appeal and to enter bond. No further steps were taken. The proceedings remained, as before, with the justice. We cannot perceive what interest the plaintiff had in it, so as to require his consent. His interest can only accrue where the appeal is entered as required by the act, or where he may be delayed or injured by the entry of a defective appeal. Here the plaintiff has nothing to complain of, as the appeal which is afterwards perfected, is filed within the twenty days prescribed by the act." All this can be said with equal appropriateness in the present case, and the conclusion to which it leads, is not affected by the immaterial circumstances that the papers in both appeals were attached by the justice to his transcript which was filed after the second appeal was taken. Upon the face of this record there were not two appeals but only one valid appeal—the one taken on February 17th; therefore there was error in striking it off.

The order is reversed and the appeal taken and filed on February 17, 1914, is reinstated.

# Hertzog *v.* Hertzog.

*Judgment—Confession of judgment—Husband and wife—Issue under Act of July 9, 1897, P. L. 237—Fraud.*

An order of the Common Pleas refusing to set aside a judgment confessed by a husband to his wife, or to award an issue to try its

validity in proceedings under the Act of July 9, 1897, P. L. 237, will not be reversed on appeal, where it appears from the evidence taken before the court, that the wife had a separate estate when she married, that she had loaned her husband an amount equal to the amount of the judgment, and this proof is wholly uncontradicted.

Argued Nov. 9, 1915.   Appeal, No. 246, Oct. T., 1911, by Ella L. Yoder, from order of C. P. Berks Co., Oct. T., 1911, No. 20, refusing an issue to try the validity of a judgment in case of Alice Hertzog v. Marion S. Hertzog. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Rule to set aside judgment and to award an issue in proceedings under the Act of July 9, 1897, P. L. 237.

ENDLICH, P. J., filed the following opinion.

This is a proceeding under Act of July 9, 1897, P. L. 237, to set aside a judgment upon which execution has been issued, and which, by a petitioning creditor of the defendant therein, is alleged to be invalid.  · The defendant is the husband of the plaintiff, but has for some time past deserted her and avoided this jurisdiction.   The plaintiff, by answer to the rule granted in accordance with the mandate of the statute, denied the allegations of the petition and asserted that judgment had been confessed for money advanced by plaintiff to the defendant to the full amount of its face.   After various postponements to suit the convenience or accommodate the negotiations of the parties, the hearing took place on May 22, 1915.   The petitioner called and examined the plaintiff at length.   The effect of his testimony is that when she married defendant she had between $900 and $1,000 in money, besides other property interests;  that from time to time she advanced to her husband amounts, mostly small, out of her cash fund to pay bills, notes, etc., owing by him;  that he was very generally and largely in debt;  that it became apparent he would need all she had to give him;  that at her request, he confessed to her

the judgment in question for $900; that thereupon she went on advancing money to him; that she is unable to give the items and dates of the payments made by her to him; but that, in the aggregate, they exhausted her fund, i. e., footed up between $900 and $1,000. That is really all the evidence there is, and it is quite uncontradicted. The statement of the cashier of a certain bank, a note in which plaintiff says was paid with money advanced by her, that the actual payments on it were made by defendant himself,—that of a coal dealer that payments made upon his bill, for which plaintiff says she furnished the money to her husband, were made by him,—and that of the petitioner herself that she paid several notes of defendant in banks other than that above spoken of,—all this is consistent enough with plaintiff's story. Upon this showing it can hardly be contended that the court would be warranted in setting aside the judgment. That the plaintiff had the money she says she had, is not disputed. That she advanced the whole of it to the defendant and that the judgment was confessed to her for it, she swears positively and without contradiction. That, having a judgment covering the whole amount she had to dispose of, confessed by defendant after receiving part of it and in expectation of getting the remainder, she kept no detailed account of the dates and items of the various advances, is the most natural thing in the world considering the relation of the parties. With every proper allowance to both sides for the effect of that relation, the truth is that, instead of impeaching the validity of the judgment attacked, the evidence submitted sustains it.

When, however, the case came up for argument upon that evidence, the petitioner presented a paper in which she denies the consideration appearing by plaintiff's testimony for the judgment, declares the same to have been executed as a gift without any consideration, and demands that the question whether the judgment was in whole or in part for moneys loaned by plaintiff to de-

fendant be tried by a jury. The Act of 1897, whilst empowered the court hearing the case to set aside the judgment attacked or dismiss the proceeding, adds that "if either of the parties desire any matter of fact that is affirmed by the one and denied by the other to be tried by a jury, an issue shall be framed," etc. Whether or not this provision intends a withdrawal of the whole case from the control of the court appealed to in the first instance, and a submission of it to a jury, or merely the determination by the latter of some specific question of fact material in the decision of the case by the court, (similarly to the sending of an issue to a jury in a cause in equity), need not now be decided. Neither is it needful to inquire whether the request for an issue may properly be made at this stage of the proceeding. Assuming that it may, it yet seems very evident that the state of the proofs already taken has something to do with the disposition of the application. According to the express terms of the Act of 1897 a reference to a jury can be asked only with respect to a matter of fact "affirmed by the one and denied by the other" party. What that phrase means is not at all doubtful. It means exactly the same as the expression "a fact in dispute" between the parties; see Knight's App., 19 Pa. 493, 494. But a "fact in dispute" is one affirmed on one side and denied on the other, not by way of mere naked allegation, without or against the evidence, but "with some show of reason"; ibid., resting in the proofs in the cause; Rhea v. Forsyth, 37 Pa. 503; Miller v. Lynch, 149 Pa. 460, 464; Piro v. Shipley, 211 Pa. 36, 45. Where the evidence upon a question of fact is so one-sided that a contrary verdict by a jury under the same evidence would have to be set aside, the fact cannot be said to be in dispute; Harvey's Est., 181 Pa. 207,—nor therefore to be "affirmed by the one and denied by the other" party within the meaning of the statute. That, as has already been seen, is the situation here. The petitioner's statement of fact asked to be submitted to a jury in the form

332 ·        HERTZOG *v.* HERTZOG.

Opinion of Court below—Opinion of the Court. [63 Pa. Superior Ct.

of issue is a mere assertion on her part, not only unsupported by any proofs from which its truth might be inferred, but negatived by the only evidence there is in the case; nor is there any pretence of available further evidence sustaining it. A verdict by a jury upon the evidence as we have it finding in petitioner's favor would have to be set aside. There is therefore nothing for a jury to try. The granting of an issue, the result of which appears to be a foregone conclusion, would be a vain thing, which the statute cannot be supposed to contemplate. Lex non cogit ad vana seu inutilia.

The request for an issue is declined, the rule to show cause discharged, and the proceeding to set aside the judgment dismissed.

*Error assigned* was the order of the court.

William Kerper Stevens, for appellant, cited: Knight's App., 19 Pa. 493; Souder's App., 57 Pa. 498.

Joseph R. Dickinson, with him Harry D. Schaeffer, for appellee, cited: Cleveland, Etc., R. R. Co. v. Erie, 27 Pa. 380.

Per Curiam, July 18, 1916:

The decree entered by the court below, is fully sustained by the authorities cited in the opinion filed, in refusing the request for an issue, and for the reason therein given it is affirmed.

---

## Commonwealth, to use, *v.* Nolt, Appellant.

*Principal and surety—Interpleader bond—Judgment—Rights of surety who has paid judgment.*

A surety on an interpleader bond who has paid a judgment recovered against himself in a suit on the bond, is entitled to compel from the party who received payment, an assignment to him-