## Horrell, Appellant, *v.* Reeves and Nelson.

*Promissory notes—Endorser—Fraud—Act of May 16, 1901, P. L. 194—Question for jury.*

In an action by an endorsee against the makers of a promissory note, where the defendants show that the note was procured from them by fraud, the burden is upon the endorsee to show affirmatively that he was an innocent purchaser for value without knowledge of the fraud. If, assuming such burden, the plaintiff testifies that he received the note in payment of a preëxisting debt, the case must go to the jury to permit it to pass upon the credibility of the witness. When the establishment of a question of fact depends upon oral testimony, the credibility of the witness is for the jury alone, and it is its exclusive province to determine whether from such testimony the fact in dispute has been established.

Submitted April 29, 1919.   Appeal, No. 61, April T., 1919, by plaintiff, from judgment of C. P. Beaver Co., September T., 1914, No. 131, on verdict for defendants in case of J. A. Horrell v. H. W. Reeves and D. A. Nelson. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.   Affirmed.

Assumpsit on promissory note.   Before BALDWIN, P. J.
Verdict and judgment for defendants.   Plaintiff appealed.

The facts appear in the following opinion of the court below, overruling motion for judgment for plaintiff n. o. v.:

Plaintiff, the endorsee of a promissory note, brought this action against the makers.   The note was for $1,250, dated January 6, 1914, drawn at four months after date, to the order of J. M. Crosland and endorsed by said J. M. Crosland, J. A. Wagner and the plaintiff.   The defense was that the note was made by the defendants for the accommodation of a coal company in which the defendants and J. M. Crosland were interested; that the note with another note of the same amount was turned

over to Crosland, with the understanding that it was to be discounted at a certain bank and the proceeds to the note sent to D. A. Nelson, one of the defendants, to be used by him for the benefit of the coal concern, and if not so discounted the note was to be returned to the makers; and that Crosland, in violation of this agreement and in breach of faith with the makers, negotiated the instrument for a purpose other than the special one for which it was placed in his hands.

At the trial the plaintiff produced the note, offered it in evidence and rested.

The defendants then offered testimony in support of their defense that the note had been negotiated by Crosland in breach of faith. The evidence was uncontradicted that the note was made by the defendants for the accommodation of a coal concern in which the defendants were interested and for which Crosland was acting as agent in the sale of some coal lands; that the note was delivered to Crosland under an arrangement by which the note was to be discounted at the First National Bank of Altoona, Pa., and, if not so discounted, to be returned to the makers; and that Crosland neither discounted the note nor returned it, but had, in fact, negotiated it to J. A. Wagner, who in turn negotiated it to the plaintiff.

Under these circumstances the burden shifted to the plaintiff to prove that he was a holder in due course. Section 59 of Article IV of the Negotiable Instruments Act provides: "Every holder is deemed, prima facie, to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or such person under whom he claims acquired the title as holder in due course......"

Section 55 of the same article provides: "The title of a person who negotiates an instrument is defective, within the meaning of this act, when he obtained the instrument or any signature thereto by fraud, duress, or force, and fear, or other unlawful means, or for an illegal con-

sideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud."

It is clear that by the defendants' testimony the plaintiff was put upon proof that he was a holder in due course: Second National Bank v. Hoffman, 229 Pa. 429.

Plaintiff then took the stand in rebuttal and testified that about April 18, 1914, he had received the note in suit from J. A. Wagner in payment of a portion of a debt of $2,000 which Wagner owed him.

The case was submitted to the jury with instructions that if they found that the note was given by Wagner to the plaintiff in extinguishment of an antecedent debt then the plaintiff was entitled to recover; but that, if the note was originally delivered to Crosland for a special purpose, and by him negotiated for another purpose, in breach of faith with the makers, and if the note was thereafter taken by the plaintiff merely as collateral security for such preëxisting debt, and without any new consideration, the verdict should be for the defendants.

In giving these instructions we followed the reasoning of Moschzisker, J., in Raken v. Henry, 16 D. R. 207.

The jury returned a verdict for the defendant: whereupon the plaintiff filed this motion for judgment n. o. v., but filed no motion for a new trial. A disposition of this motion for judgment n. o. v., therefore, does not involve the question whether or not one who takes the note of a third party merely as collateral for an antecedent or preëxisting debt, without any new consideration passing at the time, is deemed a holder for value. The discussion of the law in Raken v. Henry, supra, is by Mr. Justice Moschzisker, then one of the judges of the Court of Common Pleas, Number 3, of Philadelphia County, who reviews the authorities and points out that the Negotiable Instrument Law of 1901 does not change the law as it stood in Pennsylvania at the time of the passage of this act, with respect to the rights of one who takes the note of a third person as collateral merely for an antecedent debt. The correctness of this view of the effect of

the Act of 1901 is recognized in Second National Bank v. Hoffman, supra.

We are unable to see how the plaintiff's motion for judgment can prevail, unless the introduction by the defendants of certain testimony of the plaintiff taken at a former trial was fatal to their case. If the introduction of that testimony did not bind the defendants, the case had to go to the jury, notwithstanding the testimony of the plaintiff that he had taken the note in good faith in payment, pro tanto, of a debt which his transferor owed him. Assuming that the testimony of the plaintiff was not open to any other construction than that he had taken the note in extinguishment of the debt in question, the case, nevertheless, had to go to the jury. The plaintiff could not recover, unless he was telling the truth; the jury was not bound to believe him, and were fully warranted in declining to believe him. He claimed to have a book account against J. A. Wagner, but he did not produce the book account; neither did he produce J. A. Wagner as his witness, nor account for his absence at the trial. Moreover, it was shown that both Wagner and Wagner's attorneys had notice of the circumstances under which the note was issued. It also appeared that Wagner and the plaintiff were partners in the automobile business in New Florence, Pa., and that the same attorneys who represented Wagner at the time he was informed as to the nature of the note afterwards represented the plaintiff and were also associated with local counsel for the plaintiff in the institution and trial of the suit.

The plaintiff was, therefore, not entitled to binding instructions, unless, as already observed, the defendants put themselves out of court by producing certain of the testimony of the plaintiff taken at a former trial. The purpose for which this testimony was introduced does not definitely appear on the record. The defendant, D. A. Nelson was on the witness stand and testified to the circumstances under which the note was placed in the

hands of Crosland. Mr. Nelson further testified. that the plaintiff had stated in his presence, after the note had been placed in the hands of counsel for plaintiff, that the plaintiff and J. A. Wagner were partners in business and that the plaintiff had taken the note on the faith of Wagner's endorsement and given him "credit on an old indebtedness." This was not objected to by the plaintiff, and the witness was cross-examined as to this matter by plaintiff's counsel. This cross-examination developed the fact that the declarations mentioned by Mr. Nelson as having been made in his presence consisted of a portion of the testimony of the plaintiff at a former trial.

Later in Mr. Nelson's cross-examination (page 22) he was interrogated as follows:

"Q. Mr. Nelson, you stated on the stand that Mr. Wagner and Mr. Horrell were partners. Where did you acquire that information?

"A. From this record here, and from his own statement here in court. He said they had been in partnership in the automobile business for some years.

"Q. But did he not testify that they were not general partners, except in the automobile business?

"A. I can read you his testimony.

"Q. All right.

"A. Very well, I will read this to you: 'Q. At that time were you and Mr. Wagner in business together? A. Not in a general way. We are partners in the automobile business. I am in the lumber business, and Mr. Wagner in the livery business.' That was his answer."

The record shows that Mr. Nelson then stated: "I have a certified record here of Mr. Horrell's testimony in this court, and I wish to offer that in evidence."

Counsel for plaintiff stated that there was no objection and the certified record was then offered and admitted in evidence. It is plain that the purpose was to corroborate Mr. Nelson, who had just read from the transcript as above quoted. No part of the transcript was read to the jury. The record is as follows (page 22):

By the Court: The testimony just offered is that which was taken November 22, 1915, is it Mr. Nelson?

By Mr. Nelson: Yes; and if you wish we will just read it into this record.

By the Court: Do not take time to do that. But we direct the stenographer to copy it into the record.

It therefore does not appear that the defendants made the plaintiff their witness to prove that the note had been taken in extinguishment of an antecedent debt. The manifest purpose was to prove a declaration against interest, to wit, that the plaintiff had admitted that he and Wagner were partners. This may not have been a declaration against interest; but the court was not called upon to rule thereon, there being no objection.

We believe that to hold that the defendants were bound by the testimony of the plaintiff as contained in the transcript, under the circumstances mentioned, would be wholly unwarranted. That the plaintiff did not regard all the testimony contained in the transcript in question as being in the case and having any probative value to show that the plaintiff had taken the note in payment of the alleged antecedent debt, is sufficiently shown by the fact that the plaintiff himself proceeded to take the stand in rebuttal and testified fully as to the circumstances under which he had taken the note from Wagner. The facts in Peoples National Bank v. Hazard, 231 Pa. 552, relied upon by learned counsel for plaintiff, were quite different from those in the case at bar, and the law there declared is not applicable.

As the plaintiff was not entitled to binding instructions at the trial, his motion for judgment n. o. v. must be overruled.

*Error assigned* was in overruling plaintiff's motion for judgment n. o. v.

*Marker & Hollingsworth* and *Robert W. Darragh*, for appellant.

*D. A. Nelson* and *F. G. Moorehead,* for appellees.

OPINION BY ORLADY, P. J., July 17, 1919:

The only assignment of error presented for our consideration is, that the court erred in overruling a motion for judgment non obstante veredicto on a verdict found in favor of the defendants.

The charge of the court and the opinion filed in refusing the defendants' motion furnish a conclusive answer to the argument presented by the appellant.  On the trial the plaintiff presented a point asking for binding instructions in his favor, which was refused and the disputed questions of fact were fairly submitted in an adequate charge.  The verdict returned was fully warranted by the evidence.

The judgment is affirmed.