## Massey, to use, v. Bohn et al.

*Promissory notes—Banks—Note executed in blank wrongfully filled in by executive officer—Notice to bank.*

1. The cashier of a bank and the treasurer of a trust company are the active and general executive officers of their corporations. The actions of such officer are the actions of his corporation, and his knowledge is notice to it and imparts to it whatever knowledge of a transaction he possesses. If such officer, for the benefit of the corporation, takes a note, blank except as to signature, and wrongfully fills it up, it operates as a fraud, whether so intended or not, upon the party who entrusted him with it, for which the corporation is answerable; and when it seeks to enforce the note, the corporation is bound by his action in the procurement of it affecting its validity and cannot recover.

2. In such case, the corporation will not be permitted to shield itself behind the fraud of its officer and save itself from loss by laying it at the door of the party sought to be held, on the ground that the latter put into the wrongdoer's hands the means of perpetrating the fraud.

*Practice, C. P.—Judgment n. o. v.—Requisites.*

3. Generally, it is only where the evidence is undisputed that the court can direct a verdict or enter judgment against the verdict. Undisputed evidence means evidence the weight of which is so clear and manifest that a verdict against it would have to be set aside.

Rules for new trial and for judgment *n. o. v.* C. P. Berks Co., Nov. T., 1920, No. 71, A. D.; March T., 1918, No. 66, J. D.

*Snyder, Zieber & Snyder,* for plaintiff.

*William J. Young* and *Thomas K. Leidy,* for defendant and rules.

ENDLICH, P. J., Sept. 4, 1923.—When the record in this case, removed to the Supreme Court for review of the decree of this court opening the judgment entered therein, came back (see Massey *v.* Massey, 267 Pa. 239), the parties agreed, and the court thereupon ordered, that in the issue to be tried the note on which judgment was entered should stand as plaintiff's statement of claim, that plaintiff be required to prove execution and delivery of the note, and that the defendants defend as on the plea of *non-assumpserunt.* Upon the conclusion of the evidence at the trial, both parties asked for binding

instructions. The request of the plaintiff was granted, and the jury directed to return a verdict for the plaintiff. Rules for judgment *n. o. v.* and for a new trial were applied for by the defendants and entered.

The evidence adduced by the defendants is to the effect that they handed the note, signed but otherwise blank, to Massey, subject to an agreement or understanding that it was to be filled up for an amount not exceeding a certain limit, and that Massey then turned over the note in that condition to the Myerstown Trust Company's treasurer, to be filled up by him, and that he did so, inserting an amount greatly in excess of that which the defendants had authorized. This is denied by the trust company's treasurer, who, whilst admitting that he filled up the body of the note, insists that he did so before any signatures were placed on it. But plaintiff contends that, conceding the facts to be as alleged by defendants, the trust company's treasurer must be treated as acting in the transaction as defendant's agent, and that, therefore, the company, in spite of its treasurer's knowledge of the facts, is not to be visited with notice of the alleged history of the note and its completion, but stands as an innocent holder in due course for value, unaffected by any equities between the original parties. The plaintiff also contends that, assuming the facts to be as claimed by defendants, plaintiff is still entitled to a verdict under the principle that, of two innocent parties, a loss which must fall on one falls on him who opened the door to what caused or made possible the loss— a principle, indeed, which seems to lie at the foundation of the rules applicable (apart from statutory mandate and substantially identical with it) to instruments signed in blank: see Beckhaus *v.* Bank, 22 W. N. C. 53, 54; Garrard *v.* Haddan, 67 Pa. 82; Railroad Co.'s Appeal, 86 Pa. 80, 84; Pepper *v.* Cairns, 133 Pa. 114; Louchheim *v.* Building and Loan Ass'n, 25 Pa. Superior Ct. 325, 336.

There is a line of decisions from which it is gatherable that, by getting the cashier of a bank or the treasurer of a trust company to fill out a note to be offered to the corporation for discount or purchase, one makes that officer one's agent: see Wiley *v.* Moor, 17 S. & R. 438, 439; Worrall *v.* Gheen, 39 Pa. 388, 396; Simpson's Exec'r *v.* Bovard, 74 Pa. 351, 361; Hepler *v.* Savings Bank, 97 Pa. 420; Wessell *v.* Glenn, 108 Pa. 104, 111; Howie *v.* Lewis, 14 Pa. Superior Ct. 232, 242; in which event, the officer's knowledge of the facts of the transaction might not be notice of them to the corporation. But all the cases show that the cashier or treasurer is the active and general executive officer of the latter (see Bissell *v.* Bank, 69 Pa. 415; Ziegler *v.* Bank, 93 Pa. 393; Bos *v.* Bank, 41 Pa. Superior Ct. 388, 396), and that his actions are its actions and his knowledge is notice to it, except where his conduct or adverse interests preclude the presumption that he intended to serve his company by what he did and imparted to it whatever knowledge of the tranaction he possessed: see Columbian Bank's Estate, 147 Pa. 422, 435-6; Bank *v.* Stever, 169 Pa. 574, 581; Gunster *v.* Scranton, etc., Co., 181 Pa. 327, 337-8; Life Insurance, etc., Co. *v.* Bank, 185 Pa. 586, 600-601; Myers *v.* Bank, 193 Pa. 1, 12; Sproul *v.* Glass Co., 201 Pa. 103, 111; Adams *v.* Ashman, 203 Pa. 536, 541; Trust, etc., Co. *v.* Publishing Co., 227 Pa. 235, 241; Trust Co. *v.* Hildner, 243 Pa. 253, 255; Falconi *v.* Magee, 47 Pa. Superior Ct. 560, 568; Thurston *v.* Assets, etc., Co., 58 Pa. Superior Ct. 99, 104. Nor can his agency for the corporation be denied where the latter seeks to benefit by the officer's act. It cannot appropriate the fruits of his action and at the same time repudiate its disadvantages, nor recognize his agency as far as it is profitable while denying resulting obligations; it ratifies the act of the agent and estops itself from questioning his authority by accepting the benefit of it: see Mundorff *v.*

Wickersham, 63 Pa. 87, 89; Caley v. Railroad Co., 80 Pa. 363, 370; Keough v. Leslie, 92 Pa. 424, 427-8; Jones v. Building Ass'n, 94 Pa. 215, 218; Riddle v. Hall, 99 Pa. 116, 122; Insurance Co. v. Humble, 100 Pa. 495, 499; Hughes v. Bank, 110 Pa. 428, 432; Gas Co. v. Cook, 123 Pa. 170, 183; MacGeorge v. Manufacturing Co., 141 Pa. 575, 580; Manufacturing Co. v. Aughey, 144 Pa. 398, 407-8; Meyerhoff v. Daniels, 173 Pa. 555, 558-9; Deturck v. Matz, 180 Pa. 347, 353; Murtland v. Pittsburgh, 189 Pa. 371, 378; Manufacturing Co. v. Christian, 211 Pa. 534, 541; Bank v. Slate Co., 229 Pa. 27, 32; Hardware Co. v. McElroy, 254 Pa. 422, 429; Scouton v. Lumber Co., 261 Pa. 241, 246; McBride v. Paper Co., 263 Pa. 345, 350; Sales Co. v. Farrell, 264 Pa. 149, 155; Hamaker v. Farmers' Ass'n, 271 Pa. 465, 467-8; Milk Products Co. v. Marcus, 272 Pa. 340, 344; Insurance Co. v. Brownback, 1 Pa. Superior Ct. 183, 186; Worthington v. Railway Co., 10 Pa. Superior Ct. 117, 122 (affirmed, 195 Pa. 211); Wojciechowski v. Johnkowski, 16 Pa. Superior Ct. 444, 450; Kujawski v. Sobelewski, 72 Pa. Superior Ct. 326, 331. And if the officer, for the benefit of the corporation, takes a note, blank except as to signature, and wrongfully fills it up, it operates as a fraud (whether so intended or not) upon the party who entrusted him with it, for which the corporation is answerable (see Hughes v. Bank, 110 Pa. 428, 432), and when it seeks to enforce the note, the corporation is bound by his action in the procurement of it affecting its validity, and cannot recover: see Resh v. Bank, 93 Pa. 397; Cracker Co.'s Estate, 161 Pa. 157, 167-8, 171 (approvingly cited and commented on in Gunster v. Scranton, etc., Co., 181 Pa. 327, 338). In such a case, the corporation will not be permitted to shield itself behind the fraud of its officer and save itself from loss by laying it at the door of the party sought to be held, on the ground that the latter put into the wrongdoer's hands the means of perpetrating the fraud; and to hold otherwise in this case would seem to be a misapplication of the principle invoked by the plaintiff. That, according to defendants' version, they had their alleged agreement, not directly with the trust company's treasurer, but with Massey, and that when the latter gave the note to that officer to fill it up, he failed to disclose the existence of such agreement and thus led the officer to believe that the defendants had given him the authority to fill in an unlimited amount, cannot change the result above indicated. If the officer did not know that there was any restriction as to amount, neither did he know that there was none; and in undertaking to insert an amount without inquiring of the defendants as to his authority to do so, he took the chances of its turning out to be wrong—more especially as the liability of the defendants was thereby increased from $6250 (representing the aggregate amount of the notes upon which the defendants appeared as makers or endorsers, and which, together with a number of other notes of Massey's, aggregating $3710, were surrendered by the trust company for the note in controversy) to $9960. As to the plaintiff's contention that it is entitled, at all events, to judgment for $6250, see Worrall v. Gheen, 39 Pa. 388, and compare Neff v. Horner, 63 Pa. 327, 330, and Bank v. Chisolm, 169 Pa. 564.

In the decision of Massey v. Massey, 267 Pa. 239, 242, Mr. Justice Simpson suggests that, upon the trial, binding instructions for plaintiff may become proper if defendants do not produce evidence to sustain the issues clearly raised by the pleadings, or if they do and it is met by writings which are determinative of the controversy, or by undisputed oral evidence given by witnesses whose testimony is clear and whose disinterestedness and fairness there is no reason to doubt. Of course, in the absence of evidence thus conclusive, the question could not be passed upon by the court. It has often been held, and at least as recently as Maisel v. Corr, 277 Pa. 331, 335, that gener-

Massey, to use, *v.* Bohn et al.

ally it is only where the evidence is undisputed that the court can direct a verdict or enter judgment against the verdict ("undisputed" evidence meaning evidence, the weight of which is so clear and manifest that a verdict against it would have to be set aside: see Harvey's Estate, 181 Pa. 207, 215; Voglesong's Estate, 196 Pa. 194, 195; Rodgers *v.* Black, 15 Pa. Superior Ct. 498, 502; Hertzog *v.* Hertzog, 63 Pa. Superior Ct. 328, 331—evidence both uncontroverted and capable of supporting but a single inference: see Corcoran *v.* Insurance Co., 183 Pa. 443, 449; Dinan *v.* Mutual Beneficial Ass'n, 210 Pa. 456, 460; Corr *v.* Colliery Co., 63 Pa. Superior Ct. 56, 63), and as shown by very many cases (among the late ones being Smith *v.* Car Co., 262 Pa. 550, 555; Mountain *v.* Glass Co., 263 Pa. 181, 184; Wiles *v.* Emerson, etc., Co., 267 Pa. 47, 48; Bowser *v.* Citizens, etc., Co., 267 Pa. 483, 486-7; Keinath *v.* Bullock, 267 Pa. 589, 591; Geiger *v.* Garrett, 270 Pa. 192, 194; Donovan *v.* Transit Co., 273 Pa. 152, 154), the party against whom a verdict is asked to be directed or a judgment *n. o. v.* to be entered must be given the benefit of every fact or inference which the jury might find in his favor.

It has been intimated that it is not advisable, where a case is to be retried, to discuss the evidence in advance of the retrial: McKnight *v.* Bell, 135 Pa. 358, 373. But this much it is doubtless permissible to say, that, looking at the whole evidence in this case, there does not appear on either side that conclusive kind and degree of proof which, according to Newhard *v.* Railroad Co., 153 Pa. 417, 420, would enable or require the court, in the due administration of justice, to accept and act upon it as the truth, in the face of contradiction. There is ample testimony from which the jury would be at liberty to find all that is needful to justify a verdict for either party, accordingly as the jury believe the one side or the other, but not enough to compel a verdict for plaintiff or for defendants and to exclude any other as forbidden by the evidence. Not only is the evidence far from undisputed, but for the most part it is given by witnesses who are vitally interested in the result; and it has been repeatedly held that when the establishment of a disputed matter of fact depends upon oral testimony, the credibility of the witnesses, even though not expressly impeached, is for the jury alone: Bank *v.* Hoffman, 229 Pa. 429, 433-4; Trust Co. *v.* Tin Plate Co., 252 Pa. 237, 242-3; Lerch *v.* Transit Co., 255 Pa. 190, 195; Hewitt *v.* Publishing Co., 260 Pa. 59, 61; Philadelphia *v.* Ray, 266 Pa. 345, 349; Troxell *v.* Malin, 9 Pa. Superior Ct. 483, 491; Hromaha *v.* Bank, 50 Pa. Superior Ct. 466, 473; Horrell *v.* Reeves, 72 Pa. Superior Ct. 129. In the light of this rule and of what is explicitly and authoritatively laid down in Massey *v.* Massey, 267 Pa. 239, it will be for the jury to determine from the evidence, as controlling of the verdict to be rendered by them, whether the defendants signed in blank the note here involved and handed it to Massey in that condition; whether there was an agreement or understanding between defendants and Massey that the amount to be inserted therein was not to exceed a certain limit; and whether the treasurer of the Myerstown Trust Company, to whom Massey gave the note, filled it up for an amount in excess of that limit, the decision to be for defendants if all these questions are answered in the affirmative, otherwise for plaintiff.

What has been said seems to dispose of the defendants' request for judgment *n. o. v.* At the same time, it must be conceded that the evidence does not warrant the entry of judgment on the verdict directed, because the matters involved were for the jury and not for the court. It follows that there is no alternative but to discharge the rule for judgment *n. o. v.* and make absolute the rule for a new trial. It is so ordered.

From Wellington M. Bertolet, Reading, Pa.